*Litchfield,*
*August, 1847.*

Kelsey
*v.*
Hanmer.

PIERCE *against* SELLECK.

Though it is a general principle, that if a man having two parcels of land, to one of which he has no access except over the other, and he conveys the accessible parcel, reserving the inaccessible one, a right of way to the latter over the former is reserved to the grantor; yet it does not follow, that if he afterwards convey the inaccessible parcel to a third person, such person has, by force of the conveyance, the same right of way; it will not pass as an appurtenance of the land.

A right of way of necessity, in whatever manner it may have originated, is limited by the necessity which created it, and is suspended or destroyed, whenever that necessity ceases; and this, notwithstanding its continuance would be *convenient* to the party claiming it.

In an action of trespass *qu. cl. fr.* the defendant justified under a right of way of necessity. The facts were these. *A,* being the owner of a certain tract of land, conveyed it, except a small wood-lot, to *B,* under whom the plaintiff claimed. After this conveyance, *A* had no other means of access to such wood-lot, than over the *locus in quo.* He then sold the wood-lot to *C,* under whom the defendant claimed, who did not reside in the vicinity of *A.* A new public highway was afterwards laid out across the wood-lot, by means of which the defendant could conveniently transport his wood therefrom to market, but it was not convenient for him to use it, in conveying the wood to his dwelling-house, as the distance that way would be greater than across the *locus in quo;* but still he had, by means of such highway, free access, at all times, to the wood-lot from his dwelling-house. This was the

*Litchfield,*
*August, 1847.*

Pierce
*v.*
Selleck.

state of things existing at the time of the alleged trespass. Held, 1. that $A$'s right of way of necessity over the *locus in quo,* did not of course pass to $C$; and if $C$, or the defendant under him, had, at any time, a similar right of way, it accrued to them respectively, by virtue of their own necessities, and was limited thereby ; 2. that upon the laying-out of the new highway, the defendant's necessity ceased, and with it his right of way over the *locus in quo ;* 3. that consequently, his justification failed.

In establishing a prescriptive right of way over the land of another, every thing depends upon the character of the user. If exercised uninterruptedly, under a claim of right, and in the face of a proprietor *sui juris,* it may, in fifteen years, ripen into a right ; but if done by the courtesy and license of the proprietor, and subordinately to his right as proprietor, it will be otherwise.

Whether a witness has impaired the credibility of his testimony, by his demeanour upon the stand, is a question for the jury to determine ; and if there be other evidence on the same point, the court may properly submit the whole to them ; nor is the court, in such case, bound to interfere, by its direction or advice.

THIS was an action of trespass *quare clausum fregit,* brought by *James Pierce* against *Charles Selleck.* The defendant pleaded sundry pleas in bar, justifying the acts complained of, by virtue of a right of way in him over the *locus in quo,* by prescription and by necessity. On the allegations in these pleas, issues were joined ; and the cause was tried thereon, at *Litchfield, February* term, 1847, before *Waite, J.*

On the trial, the defendant, in support of his pleas, offered evidence to prove, and claimed that he had proved, that *Edward Phelps,* being the owner of a large tract of land, situated in the town of *Salisbury,* including therein the close of the plaintiff, by deed, dated *June* 24th, 1777, conveyed said tract to *Nathaniel Green* and *John Brinsmade ;* that *Green* and *Brinsmade,* by release deeds, dated *July* 1st, 1779, made partition of said tract, *Green* taking the *Southerly* part thereof, which included the close of the plaintiff, and *Brinsmade* taking the *Northerly* part ; that *Green,* by his deed, bearing date *April* 18th, 1795, conveyed all his portion of said tract to *Samuel Pierce,* under whom the plaintiff claimed title, excepting from the premises described a parcel of five acres ; that, at and prior to the date of the last-mentioned deed, *Green* was the owner of the close of the defendant, described in said deed as the tract of five acres, and that, by his deed, bearing date *December* 23d, 1817, he conveyed said close to *Milo Selleck,* who afterwards, by deed bearing date *May* 31st, 1836, conveyed the same to the defendant.

*Litchfield,*
August, 1847.

Pierce
*v.*
Selleck.

The defendant further introduced evidence to prove, and claimed that he had proved, that *Selleck*, during all the time he was the owner of the defendant's close, was in the habit of passing across the plaintiff's close, in the *Winter* season, with his teams, for the purpose of transporting wood and timber from said close of the defendant, to the dwelling-house now owned by the defendant, whenever he had occasion so to do, with the full knowledge of the plaintiff, and those under whom he claims, without opposition from any one ; and that the defendant had ever since continued to cross the said close of the plaintiff in like manner. The defendant thereupon claimed, that he had acquired a right of way across the plaintiff's close,—first, by a user for a period of more than fifteen years, and secondly, upon the ground of necessity, and by operation of said deed to *Pierce* ; that *Green*, at the time of his conveyance to *Pierce*, had no way to the close of the defendant, except over and across the lands by him conveyed to *Pierce* ; and that, in consequence of the conveyance of said close of the defendant to him, a way of necessity was also conveyed to him.

The plaintiff claimed, and offered evidence to prove, that such user was by the license and permission of himself, and of those under whom he claimed, and not under any claim of title ; that if *Green*, by operation of law, had any way of necessity across the lands conveyed to *Pierce*, such way was not across that portion of them included in his close, because, at the time of his conveyance to *Pierce*, and at all times afterwards, he resided at a place different from the one where the defendant resides, and a way across the plaintiff's land would be of no convenience to him ; and that during the time he so owned the close of the defendant, he never used any way, or claimed any right of way, across the close of the plaintiff ; and consequently, no such way of necessity had ever been conveyed to *Selleck*, or to the defendant : and further, if any such way had been conveyed to *Selleck*, it had been removed, by the laying-out and opening of a public highway, to and across said close of the defendant, within about ten years after the conveyance to him of such close, by means of which he had, and the defendant still continues to have, free access, at all times, to such close, by means of an open public highway, leading to it from the defendant's dwelling-house.

There was no evidence, that *Green*, during the time he owned the close of the defendant, ever used any way to it, as it was an uninclosed wood-lot.

The defendant claimed, that if such highway had been laid out and opened, it was not a convenient one for him to use, in passing to and from said close, and offered evidence to prove, that the distance from his dwelling-house to said close, by the public highway, was about three miles, while the distance across the plaintiff's close was but about one mile ; and that a team could not draw more than half so great a load of wood upon the highway, as upon the way claimed ; and that it would cost him as much to bring his wood from his close to his house, by the highway, as the wood would be worth, when delivered at his house ;—and thereupon he prayed the court to instruct the jury, that if they should find the facts were as claimed by him, they should find a verdict in his favour.

There was no evidence that the defendant needed the way across the plaintiff's close, for any other purpose than that of transporting wood and timber from his close to his dwelling-house ; or that he needed it for the purpose of transporting the wood and lumber to any market. But it was proved, that *Selleck* and the defendant, ever since the laying-out of the highway, had been accustomed to get the wood from the close of the defendant, upon such new highway, in preference to transporting it across the plaintiff's close.

Upon this subject, the court did not instruct the jury in the manner claimed by the defendant, but instructed them, that if *Selleck* had originally a right of way by necessity across the plaintiff's land, that right would continue no longer than the necessity required ; and that when a public highway was laid out and opened, by means of which he could at all times have free access to his close, his right of way, created by necessity, ceased, although such way might be more convenient for him, than the public highway.

The plaintiff, for the purpose of disproving the claim of the defendant as to a right of way by *user*, called as a witness, one *Clark*, who testified, among other matters, that in *June* 1842, the defendant had a conversation with the witness, in which he stated, that he had used the way over the plaintiff's close, by the licence and permission of the plaintiff ; and upon this subject the witness was cross-examined. The defendant's coun

sel, in his address to the jury, contended, that the witness, in the cross-examination, had contradicted himself, and had otherwise so testified and conducted himself, as materially to impair his credibility; and that he was not corroborated or supported, by any other fact or witness in the cause; and thereupon he prayed the court to instruct the jury, that if they should find these facts to be true, they must find the issues upon this part of the case in favour of the defendant.

But the court, discovering nothing in the testimony or behaviour of the witness, requiring any remarks from the court, and being of opinion that there was other evidence in the cause, conducing to prove the claim of the plaintiff as to the *user*, did not charge the jury in the manner claimed by the defendant's counsel; but submitted the question, whether the defendant had acquired a title by *user*, to them, as a question of fact, for them to determine upon the evidence before them.

It was further claimed, by the defendant, that if the jury should find, that the defendant, and those under whom he claimed, had occupied said way for more than fifteen years prior to the making of said confession, his testimony upon that subject was to be entirely laid out of consideration; and he prayed the court so to instruct them. But the court, upon this subject, instructed them, that if they should find, that the defendant, at the time of making such declarations, had acquired a title to a way across the plaintiff's land, such title would not be affected by such declarations. But in determining the question whether the defendant had acquired such title by occupancy, or had only occupied by the license and permission of the plaintiff, such evidence was admissible, for the purpose of showing the character of such occupancy.

The jury having returned their verdict, upon all the issues, in favour of the plaintiff, the defendant moved for a new trial, for a misdirection.

*Church* and *Warner*, in support of the motion, contended, 1. That the exception in the deed of *Green* to *S. Pierce*, of the wood-lot now owned by the defendant, necessarily reserved a right of way to it. A grant or reservation of wood, implies a liberty to take and carry it away. *Lord Darcy* v. *Askwith, Hob.* 234. Here, the reservation of the five acres

of wood-land, operated *per se* to reserve every thing necessary to its enjoyment. *Collins* v. *Prentice,* 15 *Conn. R.* 43. *Howton* v. *Frearson,* 8 *Term R.* 50. *Clark* v. *Cogge, Cro. Jac.* 170. *Jordan* v. *Atwood, Owen* 121. *Nichols* v. *Luce,* 24 *Pick.* 102.

2. That a right of way of necessity, when established, becomes a permanent, fixed right, and can be taken away only, 1. by consent of the party ; 2. by legal means, involving a compensation ; or 3. by a new way, equally advantageous. The case of *Holmes* v. *Elliott,* 2 *Bing.* 76. (9 *E. C. L.* 324.) is relied upon as establishing a different doctrine. But in that case, the party claiming the old way, was instrumental in creating the new one ; and it was conceded to be equally convenient with the old one. It is not so here. The defendant had nothing to do with creating the new way ; and it would cost him as much to bring his wood from his wood-lot to his house, by the new highway, as the wood would be worth, thus rendering his lot worthless to him. The defendant had a right, notwithstanding the laying-out of the new highway, to take his wood from this lot, in such way as would make it profitable to him ; and he asked the court so to instruct the jury. This the court should have done ; or at least, have told the jury, that the original way of necessity had not ceased, unless they found that the new highway enabled the defendant to enjoy his wood-lot, in as ample a manner as he had a right to do, by virtue of his grant or reservation. It does not follow, that because a public highway has been laid out since the grant, by which the party can have free access to his close, he can thereby enjoy it as fully as before. Here, it is found that he could not.

3. That the defendant, having established a right of way, by a user of more than fifteen years, the presumption of law is, that he has a perfect title ; and if the plaintiff would remove that presumption, he must produce evidence equivalent to at least one *credible* witness. *Newell* v. *Wright,* 8 *Conn. R.* 319.

4. That the course taken by the court in relation to the testimony of *Clark,* was not correct. He was called by the plaintiff, to destroy the effect of the defendant's user, by proving his declarations. The defendant claimed to the jury, that *Clark,* on his examination and cross-examination, had contra-

dicted himself, and had otherwise so testified and conducted himself, as to impair the credibility of his testimony, which was not corroborated or supported by any other fact or witness. The court took these matters from the jury, and virtually decided, that they were not true. What right had the court to do this ? Is the judge, because he thinks the witness honest, or corroborated by other evidence, to deprive the party of the benefit of going to the jury upon the question of the witness's credibility ? If the jury found, that *Clark* lied, and was not corroborated, what guide had they in the disposition of his testimony ?

*Hubbard*, contra, contended, 1. That the instruction to the jury regarding the continuance and termination of a right of way of necessity, was unexceptionable. A way of *necessity*, *ex vi termini*, imports a right of passage as *indispensable* to enable the owner of the land to get to and from it, without being a trespasser. Such a way, as it originates in necessity, is always extinguished, when the necessity ceases. *Collins* v. *Prentice*, 15 *Conn. R.* 39. *Holmes* v. *Elliott*, 2 *Bing.* 76. (9 *E. C. L.* 324.) *Howton* v. *Frearson*, 8 *Term R.* 50. 56. 3 *Kent's Com.* 422. A way of *convenience* merely, is not a way of necessity. If it were, then the convenience of *both* parties should be weighed : and it might be difficult to determine which of the parties suffered most. Public policy requires, that the common law rule should be restricted, rather than extended, in *Connecticut ;* as we have a statute making provision for private ways. *Stat.* 339. *tit.* 49. *c.* 1. *s.* 11. (ed. 1838.) 15 *Conn. R.* 45. per *Williams*, Ch. J.

2. That in this case, no such necessity existed. It is not claimed, that the defendant needed the way across the plaintiff's land, for any other purpose than to get wood and timber to his dwelling-house ; and the motion states, that *M. Selleck* and the defendant, ever since the laying-out of the public highway, have been accustomed to bring the wood and timber from the wood-lot in question into such public highway, before transporting it across the plaintiff's land ; so that the defendant may get his wood to market, and to any other place, except his dwelling-house, in the most convenient manner, without crossing the plaintiff's land. The most that can be claimed by the defendant, is, that for the purpose of getting

*Litchfield,*
*August, 1847*

Pierce
*v.*
Selleck.

to one particular point, and that not the place of his own resi-dence, the distance across the plaintiff's land is not as great as by way of the public road.

3. That the question as to a right of way *by user*, was properly submitted to the jury, as a question of fact, upon the testimony of *Clark,* and the other evidence bearing upon that point.

CHURCH, Ch. J.    The defendant justified only under a right of way from a five-acre wood lot belonging to himself, over the plaintiff's land, to his, the defendant's, dwelling-house. This right he claimed, either as a way of necessity, or by pre-scription.

1. *Nathaniel Green* once owned both of these pieces of land.    In 1795, he conveyed to *Samuel Pierce*, under whom the plaintiff claims, a certain tract of land described in his deed, excepting from the general description, this small piece, now owned by the defendant, and which he afterwards sold to *Milo Selleck*, under whom the defendant claims it.    The case finds, that *Green*, after his conveyance to *Pierce*, had no other means of access to the five-acre piece reserved, than over *Pierce's*, the present plaintiff's land, where this trespass was committed ; and the defendant supposes, that by reserv-ing the five-acre lot, *Green* reserved a right of way of neces-sity to it, over this land of the plaintiff, which right he con-veyed, as an appurtenant, to *Milo Selleck*, by his deed to him.

The general principle, advanced by this court, in the case of *Collins* v. *Prentice*, 15 *Conn. R.* 39. is not disputed.    If a man having two parcels of land, to one of which he has no access except over the other, and he conveys the accessible parcel, reserving the inaccessible one, a right of way to the latter over the former, is reserved to the grantor.

But it does not follow from this, if he afterwards convey the inaccessible parcel, as in this case, to a third person, that such person, by virtue of the terms or force of the deed is entitled to the same right of way.    *Milo Selleck*, though holding under *Green's* deed, might have had no such necessity as *Green* had, to pass across the land in question.    They did not reside in the same vicinity ; and their line of travel to and from this land, must have been very different.    Nor does it appear, but

that the other lands of *Milo Selleck,* contiguous, might have accommodated him with a more convenient way.

It is true, that *Milo Selleck,* and under him, the defendant, as owners of the five-acre piece, may have had a way of necessity, as now claimed ; but this was not the same way, or right of way, which *Green* had, but a new right, accruing to *Selleck,* as purchaser, and incidental to his ownership of the land under *Green,* and limited by his own necessities, and not by the necessity of *Green,* his grantor. It is a fallacy to suppose, that a right of way of necessity is a permanent right, and the way a permanent way, attached to the land itself, whatever may be its relative condition, and which may be conveyed by deed, irrespective of the continuing necessity of the grantee. *Howton* v. *Frearson,* 8 *Term R.* 50. *Pomfret* v. *Ricroft,* 1 *Wms. Saund.* 323. n. 6. *Holmes* v. *Elliott,* 2 *Bing.* 76. (9 *E. C. L.* 324.)

Whatever right of way, therefore, this defendant has, or may have had, it was not created by the operation of the deed from *Green* to *Samuel Pierce,* excepting the five-acre parcel from the operation of that conveyance, and of which, as the defendant claims, he cannot be divested, except by his own act or consent. The truth is, that deed had no other legal effect, than it would have had, if it had only embraced in its description, the land intended to be conveyed to *Pierce,* without any exception or reservation at all. The right which *Selleck* obtained, by virtue of his deed from *Green,* to pass over the plaintiff's land, was a mere incident to the purchase, and his own ownership of the land purchased, if the necessity existed, and so long as it continued only. It is a principle true from the very nature of the case, and as such is recognized by all the authorities, that a way of necessity, whether it originates in the necessity of the party claiming it, or from the operation of deeds, furnishing evidence of the intent of parties, where a necessity exists, is limited by the necessity which creates it, and is suspended or destroyed, whenever such necessity ceases. *Buckly* v. *Tolles,* 5 *Taun.* 311. *Collins* v. *Prentice,* 15 *Conn. R.* 39. 3 *Kent's Com.* 338. Conceding, therefore, that the defendant had, at any time, a way of necessity over the plaintiff's land, the question is to be determined, whether it existed at the time of the alleged trespass, or had been discontinued before.

It was admitted, that, since *Milo Selleck* purchased the small lot of *Green*, a new public highway had been laid out and opened across the same, by means of which the defendant could, with convenience, transport his wood to a market ; but the defendant claimed, that such new highway was not convenient for him to use in conveying his wood from said lot to his dwelling-house, and introduced evidence to prove this ; and from this fact, he claimed, that the opening of the public highway across his land, did not determine the right of way which he claimed before.

To admit this claim of the defendant, would be to extend the claims to rights of way, beyond all former precedent, and to introduce an additional right not heretofore known to the law, a *way of convenience.* The exclusive dominion of every man over his own soil and freehold, now held sacred by our constitution and laws, would, in this way, be essentially impaired. The exigencies of society do not call for this. Formerly, the dwelling-house of the defendant, might have been the only point available for his reasonable use of his wood-lot, by means of the way claimed ; and hence the existence of the necessity. But is it so, since the opening of the public road ? It may be, and probably is, true, that the new road has opened to the defendant a convenient market for his wood and timber, and thus much enhanced its value. If so, there is no necessity for him to retain a pass way to his dwelling-house over the plaintiff's land, although there may be a convenience ; and especially, when it appears, that by means of the public highway, the defendant has, at all times, free access from his dwelling-house to the land in question. And if it is true, as the defendant claimed, that the distance is greater to the defendant's dwelling-house, by the public than by the private way, if that was the essential point to be reached ; and if thereby the expense of transportation would be enhanced ; still so long as the access by the highway is free and continued at all times, it results in a question of comparative convenience, and not of necessity ; and the court, therefore, properly instructed the jury, that if the necessity ceased, the right of way ceased also, although such private way might be more convenient for the defendant than the public highway. *Nicholas* v. *Luce,* 24 *Pick.* 102. *McDonald* v. *Lindall,* 3 *Rawle* 492, 3. *Stephens' N. P.* 2766. *Witter* v. *Harvey,* 1

*McCord*, 67. *Lawton* v. *Rivers*, 2 *Id.* 445. *Turnbull* v. *Rivers*, 3 *Id.* 131. *Seabrook* v. *King*, 1 *N. & M.* 641. It is a mistake to suppose, that the location of the dwelling-house of a party, is, in all cases, to controul the question of necessity, as the defendant here seems to contend.

2. The defendant attempted to establish a prescriptive right of way over the plaintiff's land ; and for this purpose introduced evidence to prove, that his father, *Milo Selleck*, and himself, for more than fifteen years, were in the uninter-rupted practice of passing the plaintiff's close, in the *Winter* season, with teams, &c., for the purpose of drawing their wood and timber from their wood-lot to the dwelling-house now occupied by the defendant; and thereupon claimed, that he had acquired the right asserted, and justified under it. Such evidence was pertinent to prove such way, and, unex-plained, would afford *prima facie* evidence of it. But here every thing depends upon the character of the practice, or user, relied upon. If it was continued, uninterruptedly, under a claim of right, and exercised in the face of a proprietor *sui juris*, it might ripen into a right in fifteen years. But all this was denied, by the plaintiff, who claimed that neither *Milo Selleck*, nor the defendant, had ever crossed his land, except by his courtesy and license, and subordinately to his rights as owner. And to prove this, he examined the witness *Clark*, and introduced other evidence. The counsel for the defendant, upon this naked question of fact, insisted to the jury, that this witness, in some way, had contradicted himself, had sworn falsely, and by his demeanour upon the stand, had materially impaired the credibility of his own testimony ; and then asked the court to instruct the jury, that for this cause they should find the way by prescription, as he claimed it, to be proved. The judge says, however, that on this point there was other evidence, in addition to *Clark's*. He could not, therefore, withhold such other evidence from the jury, and direct them to place the whole of this issue upon *Clark's* credibility.

But if there had been no evidence to sustain *Clark ;* and if the evidence of the defendant's prescriptive right had been strong ; still there is no fact stated here, by which we can see that he was not entitled to credit. The judge, at the trial, saw nothing detracting from the full weight of his testimony ;

and yet we are asked to grant a new trial, merely because the counsel claimed to the jury, that *Clark* was not entitled to their belief! The judge was not asked to instruct the jury, if for any cause, they doubted the credibility of *Clark*, that they ought not to permit his testimony to avail against the better opposing evidence of the defendant. The whole was a matter exclusively for the jury; and the court was not bound to interfere, by its direction or advice.

But it was claimed, that *Clark's* testimony was not available to the plaintiff, for another reason—that its tendency and effect was, to destroy a right of way, by the parol confessions of a party entitled to it. This is assuming as a truth, for the *defendant*, the very matter in dispute, and which the plaintiff denied. He denied that any such right of way had been proved, or existed; he claimed that *Selleck's* user was such, that no right had ever been acquired: and to prove the nature of the defendant's user, and of course, the user of *Milo Selleck*, under whom he claimed, and not to destroy a right, either proved or conceded, was the tendency and purpose of *Clark's* testimony; and for this end it was clearly admissible and availing.

We are clear that no new trial should be granted.

In this opinion the other Judges concurred.

New trial not to be granted.