### JOHN SMITH *vs.* CALEB W. TARBOX.

A distribution of an intestate estate, by which a single tract of land was divided among six heirs, contained the following provision : "In making this distribution we have allowed to each of said heirs a convenient passage across the other lots to and from his and her own, with the least damage to the owner, whenever it shall be necessary for the full enjoyment of his or her own." Held that the right of way thus given was a way of necessity merely.

Language used by distributors in such a case is not to receive a technical construction, but in this case the language used and the circumstances of the case were regarded as showing clearly the actual intention of the distributors to allow only a way of necessity.

TRESPASS *quare clausum fregit.*   The defendant pleaded a right of way.   Tried on an issue closed to the court, before

*Park, J.* Judgment for the defendant and motion for a new trial by the plaintiff. The case is sufficiently stated in the opinion.

*Pratt* and *Bond,* in support of the motion.

*Halsey,* contra.

DUTTON, J. This was an action of trespass *quare clausum,* in which the defendant justified under a right of way which he claimed under the following circumstances:—Previous to 1810 the lots both of the plaintiff and defendant were parts of a tract of land belonging to Charles Davenport, lying in Canterbury, a number of rods westward of the Norwich and Woodstock turnpike road. It was not denied that there was a right of way from this turnpike to the Charles Davenport tract, provided there was one over the plaintiff's land. In 1810 the distributors on the estate of Charles Davenport, then deceased, divided the tract into six rectangular pieces, lying side by side two in breadth, and set one to each of the heirs, of whom Guy Davenport and Rufus Davenport were two, the lots of whom are now owned by the plaintiff, and Orinda Davenport was another, the title to her lot being now in the defendant. The distribution contained the following clause, on which all the question in the case which we deem worthy of notice depends:—"Lastly, in making this distribution we have considered and allowed to each of said heirs a convenient passage across the other lots to and from his and her own, with the least damage to the owner, whenever it shall be necessary for the full enjoyment of his and her own."

The only way used by Orinda Davenport under this distribution was an old pathway which passed from her land into that of Paul Davenport, thence into that of Lucinda Davenport, and thence into and through Rufus Davenport's and Guy Davenport's lots, to the way before mentioned, leading to the turnpike. Afterwards a new road was laid out between the turnpike and the Charles Davenport tract, rendering it unnecessary to use the way any further than this new road. Before the defendant acquired his title to the Orinda Davenport lot, the

title to that, the Paul Davenport lot, and all the other land between the Orinda Davenport lot and an east and west highway, became vested in and belonged to the defendant's grantor. The question which we have to decide then is, whether by the clause in the distribution above recited an absolute indefeasible right of way was vested in Orinda Davenport, or whether it was a right of way the lawful exercise of which depended on its necessity. We regard the latter as the proper construction.

It is worthy of remark that the clause in question does not profess to give any of the heirs a right of way with any definite direction or termini. What is perhaps of more importance in determining its true meaning, is the fact that it professes to give to each heir the same right in the lands of the rest, without any regard to the location of the particular tracts. It gives for instance the same right to Guy Davenport to go to and upon the land of Orinda Davenport that it gives her to go to and upon his. But from what we know of the location of the different tracts we can scarcely conceive of any reason why he should ever exercise that right. If we consider the lawful exercise of the privilege given by the distribution as depending on its necessity, there could be no objection to such a provision. Each would have the right to go upon the land of the other if necessary, otherwise not. By the very terms also of the clause, the right was given to each of the heirs, only "whenever it shall be necessary for the full enjoyment of his or her own." It would be difficult to create by express grant a right of way depending on its necessity in more explicit terms. That such a way could be created by grant can not be denied. Indeed in *Holmes* v. *Elliott*, 2 Bing., 76, ( *S. C.*, 9, J. B. Moore, 166,) Chief Justice Best says: "A way of necessity, when the nature of it is considered, will be found to be nothing else than a way by grant." So in *Pierce* v. *Selleck*, 18 Conn., 329, Church, Ch. J., speaks of a way of necessity originating either in the necessity of the party claiming it, or "from the operation of deeds furnishing evidence of the intent of the parties." And Metcalf, J., in *Viall* v. *Carpenter*, 14 Gray, 126, in speaking of a right of way claimed by distribution, says: "Whether they acquired this right solely as of

necessity, without any provision therefor in the language of the division, or by the effect of the language used by the committee in making the record of the division, seems to us to be unimportant." It is impossible to distinguish that case from the case on trial, and we know of no substantial reason for making a distinction between a division under the law of Massachusetts and a distribution under ours. The language in that case was—"Reserving in each instance to the other devisees all the privileges in the above described premises that they require in the occupation of their several shares herein described." Manifestly the words—"that they require"—do not import a way of necessity more fully, if as much so, as the words "whenever it shall be necessary."

Regarding this therefore as a way of necessity, it is clear law that it terminated as soon as the owner of the Orinda Davenport lot could pass without interruption from that lot to a highway over his own land. *Collins* v. *Prentice*, 15 Conn., 423.

In giving the construction which we do to the language used by the distributors in this case, we do not intend to lay down the rule that a technical construction is to be given to the language of a distribution, in the same way that it would be given to the language of a deed. As a general rule the favorable and liberal construction given to wills should be given to such instruments, and the object should be to discover the meaning actually intended, without reference to artificial rules. Distributors appointed by our courts of probate are usually selected for their practical judgment, and from the immediate neighborhood, and are rarely men of any familiarity with rules of law. In this case however the language used by the distributors in limiting the right of way to the necessity for it, is not merely such as would receive in a deed the construction we have given it, but without reference to its technical meaning expresses clearly the actual intention of the distributors to make the right of way one of such limitation, while the peculiar circumstances of the case to which we have before adverted, show that this must in all probability have been their real intention, and that the language must have been purposely

and considerately employed. In these circumstances we can not hesitate to give it the effect which we do, while we might in another case regard the language of a distribution as less decisive in its mere terms of the legal effect to be given to it.

We advise a new trial.

In this opinion the other judges concurred.

