This action was originally instituted in the names of three plaintiffs, William B. Hart, Louisa Watton and Frederick G. Hart, Jr., who alleged that each of them is the owner of an undivided one-third interest in certain real estate in Ansonia. At the trial on November 24 a stipulation was presented to the court by all parties which sets forth that subsequent to the instituting of suit the two Harts sold their interest in the property to their sister, Louisa Watton, and that it is agreed that the brothers be dropped as plaintiffs with suit continued in the sole name of Louisa Watton as party plaintiff. Hereinafter reference to "the plaintiff" will relate only to the remaining plaintiff and present owner of the property formerly owned jointly by the original plaintiffs. *Page 72 
In this action the plaintiff is seeking to restrain the defendants, who are husband and wife, their heirs, successors, assigns, agents, employees and tenants, from using a driveway over the plaintiff's property for purposes of ingress and egress to property of the defendants. Counsel for the defendants concedes that the subordinate facts alleged in the complaint are substantially correct, with the exception of the "irreparable injury" allegation appearing in the latter portion thereof. Hence the problem confronting the court is minimized to an academic approach to the questions argued by counsel in support of their respective claims.
The basic facts which give rise to the controversy require a statement. In doing so the court will endeavor to include only those necessary to an understanding of the limits of the problem presented.
Originally the properties now owned by the plaintiff and the defendant husband were owned by one Pitt. The properties as a single tract were bounded on the west by Root Avenue. By warranty deed dated June 13, 1895, duly recorded, Pitt conveyed the westerly portion of the original tract to H, a distant predecessor in title of the plaintiff, and by mesne conveyances the property so conveyed came down to plaintiff as present owner of record. In his deed to the westerly tract Pitt expressly reserved "for himself, his heirs and assigns the right to pass over and upon a strip of land ten (10) feet in width" located along the southerly margin of the land conveyed and extending easterly from Root Avenue to land of his (easterly tract) not made part of the conveyance, "for all purposes, until a public highway is opened, so that access to land of grantor (Pitt) can be made over said highway, then said reservation shall cease and become void and the title to said ten (10) feet of land shall then be absolutely vested in said grantee, her heirs and assigns."
By his deed dated May 28, 1902, duly recorded, Pitt conveyed the easterly portion of the original single tract to the defendant husband's immediate predecessor in title, this defendant taking title in 1916. The deed under which this defendant took title, as well as that of his predecessor in title, expressly refers to the right of way over the property to the west now owned by the plaintiff.
On November 30, 1943, the defendants jointly bought the land adjoining the southerly boundary of the tract acquired by the defendant husband in 1916. In 1947 the board of aldermen of Ansonia accepted a newly constructed highway known as *Page 73 
South Street. This highway now marks the southerly boundary of the land acquired jointly by the defendants in 1943. As a consequence access may now be had to and from a public highway other than Root Avenue in so far as the defendant husband's land (formerly that of Pitt) acquired by him in 1916 is concerned. To accomplish this, travel to and from South Street would have to be over the land acquired jointly by the defendants in 1943.
It is the plaintiff's claim that the right of way expressly reserved in the Pitt deed of 1895 in favor of the easterly tract now owned by the defendant husband should be no longer a burden upon her property; that the original need of such is ended by the construction of the highway known as South Street.
It is the claim of the defendants that the acquiring of additional land by them in 1943 which now borders upon a highway does not satisfy the condition appearing in the 1895 deed; that it was not the intention of Pitt, the original grantor, to have extinguished the right of way over the land now owned by the plaintiff upon subsequent purchase of additional land contiguous to the easterly tract, which additional land only borders upon a highway.
When Pitt conveyed the westerly portion of his original tract in 1895 to the plaintiff's early predecessor in title and retained for himself the easterly portion, he had no access to a public highway in connection with the latter land. While the law would have given him an implied easement in the nature of a way of necessity over the land so conveyed in favor of the tract retained, he expressly accomplished this direct result in the deed of conveyance by reservation of right in his favor and that of his heirs and assigns. In short, he did not leave the problem to possible litigation in the future. All subsequent conveyances of both tracts of land which constituted the original whole refer to the reservation in the 1895 deed. Pitt's obvious intention was to have the easterly tract now owned by the defendant husband accessible to Root Avenue over the tract now owned by the plaintiff until another highway in the future was accessible to the easterly tract. This has now occurred. That access to South Street has been made possible only because the defendant husband in conjunction with his wife subsequently purchased intervening land which now borders upon the highway should not militate against the termination of the contingency. Had Pitt intended to be understood as meaning that a public highway of *Page 74 
the future must be contiguous to the easterly tract and not accessible to that tract by reason of other acquired land of a subsequent grantee, he had opportunity to make his intention clear. In the court's view of the matter the construction to be placed upon the reservation of right of way favors the plaintiff. SeePeck v. Mackowsky, 85 Conn. 190, 194; Waterbury Trust Co.
v. G. L. D. Realty Co., 124 Conn. 191, 197.
"An easement granted or reserved for a particular purpose . . . ceases when this purpose no longer exists." 2 Thompson, Real Property (Perm. Ed.) p. 364, § 689. "There is a well-established rule that an easement may be terminated by the completion of the purpose for which it was granted, inasmuch as the reason for, and necessity of, the servitude are at an end." 17 Am. Jur. 1023, § 137. "It is a principle true from the very nature of the case, and as such is recognized by all the authorities, that a way of necessity, whether it originates in the necessity of the party claiming it, or from the operation of deeds, furnishing evidence of the intent of parties, where a necessity exists, is limited by the necessity which creates it, and is suspended or destroyed, whenever such necessity ceases." Pierce v. Selleck, 18 Conn. 321, 329; and see general discussion in Collins v. Prentice, 15 Conn. 38.
The conclusion reached is that the plaintiff is entitled to the kind of injunction prayed on the ground that the reservation has ceased and become void. Irreparable injury can result, if it has not already resulted, by a continued use of the way over the plaintiff's property as conferred in the deed of 1895. So long as the defendant husband had no access to a public highway except over the plaintiff's land, the reservation remained operative. The necessity for using this right of way is no longer present on the facts of the case.
 Plaintiff's counsel will prepare the decree and present it for approval as to form and signature within three weeks from date.