HART *against* CHALKER and others.

A deed of a farm of land, reserving the highways through such farm, conveys the whole title of the grantor, subject only to the right of passage ; and the grantee may maintain trespass for any injury done to the land in such highways, not necessary for the enjoyment of that right.

A grant proved by user, is only commensurate with such user.

Therefore, where the user consisted in taking fish, on a certain beach, without a capstan or reel ; it was held, that this did not authorize the party to set up a capstan and reel on such beach, for the purpose of taking fish more conveniently.

This was an action of trespass *quare clausum fregit* ; tried at *Haddam, August* term, 1823, before *Chapman,* J.

*Middlesex,*
July,
1824.
⌣⌣⌣
Watrous
*v.*
Southworth.

*Middlesex,*
July,
1824.

Hart
*v.*
Chalker.

The plaintiff claimed title to the *locus in quo,* by virtue of a deed of a farm of land from *Samuel Lynde* to *Nathaniel Shaw ;* and by several intermediate conveyances from *Shaw* to the plaintiff, all which referred to that deed, for the description and boundaries of the land conveyed. The boundaries specified in such deed included the *locus in quo ;* but it contained a reservation in these words : " reserving only the highways through the said farm." The defendants proved, that the *locus in quo* was a highway, and had been used as such for more than thirty years. They therefore claimed, that the plaintiff could not maintain trespass against them, for placing a capstan and reel upon such highway, which were the acts complained of ; although in doing these acts, they opened the ground, and removed the soil for that purpose. The defendants also claimed, that they had a right to use the *locus in quo,* in the manner they had done, by virtue of a grant from the plaintiff, and those under whom he claimed. In support of their claim, the defendants introduced evidence to prove, that the *locus in quo* was a sand-beach, contiguous to *Long-Island* sound ; and that for a period of thirty years next preceding the commencement of this suit, the defendants, and those under whom they claimed, had peaceably and uninterruptedly used such beach, for the purpose of catching shad in the waters of the sound, without any limitations or restrictions on the part of the owners of the farm, and had exercised the right of hauling their seines and their boats upon the beach, and of fastening their seine-ropes, and drying their seines, upon it. The plaintiff claimed, that the defendants had never placed a capstan or reel upon the *locus in quo,* until within the last fifteen years. The defendants insisted, that they had a right to use the beach in substantially the same manner they had done for more than fifteen years ; and if the jury should find, that a capstan and reel were necessary in carrying on their business of fishing, for the purpose of fastening their seine-ropes and drying their seines, and were placed on the beach where they had a right to fish, and to haul their seines, and to fasten their seine-ropes, and to dry their seines ; they were not, on that account, liable to the plaintiff, in an action of trespass, although they were placed there, for the first time, within fifteen years ; unless the plaintiff shewed, that he had sustained some special damage by these acts.

The judge instructed the jury as follows : " No individual, except the owner, has a right to use the the highway, but as a highway. He has no right to dig upon it, except for the pur-

*Middlesex,*
July,
1824.

Hart
*v.*
Chalker.

pose of repairing it ; nor to build upon it ; nor to draw seines upon it ; nor to set up capstans and reels upon it. If the defendants have proved, that they had used the beach for fifteen years next preceding the service of the plaintiff's writ, exclusively and peaceably, in the same manner, and to the same extent, as they did the three years preceding such service, you are authorized to find a grant from the owner, which authorized the defendants to do the acts they have done. The justification must be sufficiently broad to cover all the acts. The using of the beach to draw on, for fifteen years, might entitle the defendants to a right to use it, for that purpose, in future ; yet that would not entitle them to set up fish-houses, to set up capstans or reels, or to do any other act not done before. Fifteen years' user to each is necessary to give the right to continue its use. If you find, agreeably to these rules, that the defendants have justified as to all the acts proved or admitted to be done, your verdict will be for them to recover their costs. But if you find, that they have failed to justify as to any of the acts done, you will find for the plaintiff."

The jury returned a verdict for the plaintiff ; and the defendants moved for a new trial for a misdirection.

*Daggett* and *Waite*, in support of the motion, contended, 1. That the *locus in quo*, being a part of a highway, *reserved* by the deed, under which the plaintiff claimed, the title never passed to him, and he could not maintain trespass. It may be admitted, that if the plaintiff had ever owned the *locus in quo*, and a highway had been laid out over it, all that would be taken from him, by such laying-out, would be a right of passage for the public. But the deed of *Lynde*, the plaintiff's original grantor, shews what he *conveyed*, and what he *reserved :* He conveyed the *farm ;* he reserved the *highway.* Nor is it necessary to enquire in whom the fee of the highway now is. Sufficient is it, that the fee of the highway was, long since, separated from the farm, and never came to the plaintiff. See the opinion of *Ingersoll*, J. in *Peck* v. *Smith*, 1 *Conn. Rep.* 110— 123.

2. That the defendants, having furnished the legal evidence of a grant of a right of fishery, were authorized to do any act necessary and convenient for the exercise of that right. The judge should have instructed the jury, that if they found the defendants had a right to take fish in the *locus in quo*, they were entitled to use that right in a reasonable manner ; and then he

*Middlesex,*
*July,*
*1824.*

Hart
*v.*
Chalker.

should have submitted to them the question, whether a capstan and reel were necessary for the use of their right in that manner. A right, once granted, remains the same ; but the manner of using it may vary with the improvements in the mode of doing the kind of business to which it belongs. If the charge is correct, the defendants may have proved a right of fishery, by more than fifteen years' user, and yet have no possible mode of using that right ; for they may not have taken fish, *in the same manner,* for fifteen years. 1 *Swift's Dig.* 105. *Gerrard* v. *Cooke,* 2 *New. Rep.* 109. *Senhouse* v. *Christian* & al. 1 *Term Rep.* 560. *Hodgson* v. *Field,* 7 *East,* 613. *Cobb.* v. *Selby,* 2 *New Rep.* 466. In the case last cited, a new trial was granted, because the question whether the plaintiff, a parson, having a right of way to carry his tithes home, had used the proper way, was withdrawn from the jury. In *Ballard* v. *Dysan,* 1 *Taun.* 279. evidence of a prescriptive right of way for *carriages,* was submitted to the jury as evidence of a right to drive *cattle.*

*Sherman* and *Staples,* contra, contended, 1. That the reservation of a highway in a grant of land, excepts from the grant nothing but the right of using such highway *as a highway.* For every other purpose, the grant is as absolute and unqualified in relation to the highway, as to the rest of the land. *Peck* v. *Smith,* 1 *Conn. Rep.* 193. *Goodtitle* d. *Chester* v. *Alker* & al. 1 *Burr.* 143.

2. That the defendants had no right to set up a capstan and reel on the *locus in quo,* by virtue of any grant to them. A user for more than fifteen years is proper evidence of a grant ; but then it proves a grant only commensurate with the user. It is this alone which determines what the *terms* of the grant were. It is the *letter* of the grant. If the user has restrictions and qualifications ; so has the grant. A user to drive a horse and cart, does not prove a grant to drive fat oxen. *Ballard* v. *Dyson,* 1 *Taun.* 297. The fallacy in the argument *e contra,* consists in assuming that the defendants had a general right of fishery. They had a right to do what they had done for fifteen years ; and nothing more. If the user did not shew a general right of fishery, then nothing passed as *incident* to such right. In *Senhouse* v. *Christian,* 1 *Term Rep.* 560. there was a grant of " a free and convenient way" for several purposes specified in the deed ; among which was that of carrying coals ; and the jury found, that the party could not conveniently carry his coals, without doing the acts complained of ; of course, he was

authorized, by the terms of the grant, to do those acts. *Gerrard* v. *Cooke*, 2 *New Rep.* 109. turned upon the construction of the terms of a deed. *Hodgson* v. *Field*, 7 *East*, 613. also turned upon the construction of the terms of a grant already ascertained. *Cobb* v. *Selby*, 2 *New Rep.* 466. decided that a parson, in taking his tithes, had a right to use that road only, which the farmer used in taking his nine parts. What bearing has that decision upon this case?

HOSMER, Ch. J. A way, whether public or private, is the right of going over another man's ground. 2 *Black. Comm.* 34. The owner of the land retains all the title he ever had, encumbered only with the right of passage; and may vindicate every damage to his property, with the exception of the travel across it, by an action of trespass. *Lade* v. *Shepherd*, 2 *Stra.* 1004. *Stevens* v. *Whistle*, 11 *East*, 51. *Peck* v. *Smith*, 1 *Conn. Rep.* 103. It is, therefore, unquestionable, that the defendants had no right to dig the soil, and put up their reel and capstan, by virtue of the highway.

If the plaintiff had granted to the defendants, the privilege of going upon his land with a competent number of persons, and drawing their fish-seine by hand, it would not be pretended, that they would have right to erect a reel and capstan on the premises. As little ground is there for insisting, that a user for fifteen years, literally conformed to the preceding grant, would admit of any other construction. A usage, supposed to be founded on a grant or agreement, determines the extent of the supposed grant or agreement. The right granted is considered as being commensurate with the right enjoyed. They are different *media*, proving precisely the same fact; and it is because of this indentity of proof, that the usage is supposed to evince the grant. If the grant is something different from the usage, then the usage does not prove the grant; and if it prove it at all, it necessarily proves it throughout. In short, like a seal and its correspondent impression, the grant and the usage are, in point of proof, precisely and identically the same. It was therefore said, in the argument, with perfect correctness, that the usage was the *letter* of the grant. In *Stanley* v. *White*, 14 *East*, 332. 340. Lord *Ellenborough* observed, that "*the terms* of an antient grant now lost, must be collected *from the manner in which the right presumed under it has been exercised.*" The cases cited by the defendants' counsel, do not conflict, in the least, with the above principle. With the exception of one

*Middlesex,*
*July,*
*1824.*

Hart
*v.*
Chalker.

case only, they were the construction of grants, and conformably to the plain meaning of their expressions. *Gerrard* v. *Cooke,* 2 *New Rep.* 109. *Senhouse* v. *Christian* & al. 1 *Term Rep.* 560. *Hodgson* v. *Field,* 7 *East,* 613. The case of *Ballard* v. *Dyson,* 1 *Taunt.* 278. decided, that evidence of a prescriptive way for all manner of *carriages,* does not, necessarily prove a right of way for all manner of *cattle.* The principle of the decision was the one before stated ; that the extent of the usage is evidence of a right, only commensurate with the user.

I can never admit, that the habit of fishing, by drawing in a seine by hand, authorizes the erection of a reel or capstan, or a fish-house, or any thing else, not embraced by the usage. If the controversy between the parties had related to *the mode* of doing an act, I could not assent to the principle, that even the mode could be changed, unless the grant, as proved by the usage, would authorize such a construction. The alteration of the manner may not injure the owner of the soil ; but he always has right to say *non hæc in fœdera veni ;* and what tribunal shall assume a construction, which his grant has not authorized ? The controversy, in this case, however, does not respect an unessential mode. The claim of the defendants obviously, is, to use the property of the plaintiff more than the terms of the grant, as proved by the usage, ever admitted. A short seine may be managed, by a few hands, and without the apparatus of a reel or capstan ; but a long seine indispensibly requires them. A small number of men, by hand, can draw in a seine of twenty rods in length ; but enlarge it to eighty or an hundred rods, and then a capstan becomes indispensibly necessary.

The defendants claimed the right of an extensive and material use of property not granted ; and the principle stated by the judge, in his charge, in subversion of a demand so inadmissible, was entirely correct.

PETERS and BRAINARD, Js. were of the same opinion.

BRISTOL, J. dissented.

New trial not to be granted.