ALFONSO PUORTO ET UX. *vs.* SALVINO CHIEPPA ET UX.

Third Judicial District, Bridgeport, October Term, 1905.
TORRANCE, C. J., BALDWIN, HAMERSLEY, HALL and PRENTICE, Js.

If the ancient doctrine of easements of light and air by implied grant
has any existence in this State, it is one which should be applied
with great caution, and rarely, if ever, against bona fide purchasers
of the land over which such easement is claimed.

In 1900 the plaintiffs bought a house and lot in the city of New Haven ad-
joining that of the defendants, the divisional line running about one
foot east of the plaintiffs' house and eight or ten feet west of the
house of the defendants, a condition which had existed since 1851
when the plaintiffs' lot was first sold from a larger tract. *Held* that
the plaintiffs had no implied easement of light and air over the strip
of land east of the divisional line, and therefore could not justly
complain of the act of the defendants in building an addition to
their house up to that line.

For fifteen years prior to the erection of such addition, the blinds of the
plaintiffs' house, while being opened or closed, swung two or three
inches beyond the divisional line, and the cornice of the plaintiffs'
house also projected over the line about the same distance. *Held*
that this was properly regarded by the trial court as insufficient
proof of such an open, visible, and exclusive use of the defendants'
land as was essential in order to raise a presumption that the de-
fendants knew of and acquiesced in it.

The defendants placed a flashboard on the west wall of their addition,
which extended an inch over the divisional line. *Held* that this
was a technical trespass upon the plaintiffs' land for which they
were entitled to recover a nominal sum, although no specific
damage resulted from the injury.

Submitted on briefs October 25th—decided December 15th, 1905.

ACTION in the nature of trespass *qu. cl. fr.*, brought to
and tried by the Superior Court in New Haven County,
*Case, J.;* facts found and judgment rendered for the defend-
ants, and appeal by the plaintiffs. *Error in part and cause
remanded.*

*George E. Beers* and *Carl A. Mears*, for the appellants
(plaintiffs).

*Philip Pond* and *Paul Russo*, for the appellees (defendants).

HALL, J. The complaint alleges that on the 10th of December, 1903, the defendants wrongfully entered upon the plaintiffs' land on Grand Avenue in the city of New Haven and cut off a portion of the eaves and cornice of the plaintiffs' house, and erected and maintained a building projecting over the plaintiffs' land and constituting a trespass thereon; and, by building the wall of their house, interfered with the plaintiffs' right to have unobstructed light and air through the windows of their house over the defendants' land. These averments were denied by the answer.

The material facts found are these: The plaintiffs and defendants own adjoining lots on the south side of a business street in New Haven, the plaintiffs' premises being west of those of the defendants. Both tracts belonged to one Nicholson, who on September 23d, 1851, conveyed to one Gunn the tract now owned by the plaintiffs, and on the 31st of October, 1851, to certain McCuens, that now owned by the defendants. Through several mesne conveyances the defendants acquired their title in October, 1898, and the plaintiffs their title in October, 1900; all the conveyances being by warranty deed, and none of them containing any reference to any easement of light or air.

Before said Nicholson conveyed said land as above stated and until the 10th of December, 1903, there was upon the land now owned by the plaintiffs a two-story wooden building, the east side of which was about a foot west of the divisional line between said two tracts, upon the east side of each of the two floors of which were two windows with swinging blinds, one room upon each of said floors receiving all its light from a window or windows upon said east side; and upon the land now owned by the defendants there was a wooden building, the west side of which was eight or ten feet east of said divisional line.

On or about the 10th of December, 1903, the defendants built a three-story brick addition to their house, occupying

the eight or ten feet between their old house and the divisional line, and extending about twelve feet above the plaintiffs' house, and having no windows upon its west side.   At the front of the building the base of the wall of the addition is upon the divisional line and elsewhere a little east of the divisional line.   The lower floors of both of said buildings are used for stores, and the upper floors as tenements.

The erection of said brick addition diminished the light and air which had always before passed unobstructed over the portion of defendants' land occupied by it, through said east windows of the plaintiffs' house.   There still remains an open space varying from twelve to eighteen inches between the brick addition and the plaintiffs' house, which space is darkened by the projecting eaves of the plaintiffs' house, which at nearly all points touch the wall of the defendants' addition.   The erection of said addition also prevents the swinging of the blinds upon said east windows as they had before been swung, two or three inches more space being required for that purpose.

Before the erection of said brick addition the cornice of the plaintiffs' house had, near the front, overhung the divisional line about three inches, and in erecting said addition the molding of said cornice was cut off by the defendants some two or three inches, for a distance of about twelve feet from the front of the building, but in no way injuring the plaintiffs' building.

A flashboard, which can readily be removed, was placed by the defendants upon the upper part of the west wall of the addition, so that at the front end of the wall it extended over the plaintiffs' land an inch beyond the divisional line.

The court finds that the only damage suffered by the plaintiffs arises from the shutting off of light and air as aforesaid, by the erection of the defendants' addition on the divisional line.

The principal question in the case is whether the plaintiffs had an easement of light and air which rendered it unlawful for the defendants to erect the brick addition, as they

did, upon the strip of land eight or ten feet wide between the defendants' old house and the divisional line.

They acquired no such right by prescription. Section 4046 of the General Statutes, which has been in force since 1847, provides that " no occupant of real estate shall acquire, by adverse occupation, the right to keep, sustain, or enjoy, any window or light, so as to prevent the owner of adjoining premises from erecting and maintaining any building thereon."

There was no implied grant of such an easement. If the ancient law of implied grants of easements of light and air, which is a kindred doctrine to that of prescriptive rights to such easements, has any existence in this State, its force is recognized only to a very limited extent, and it is rarely, if ever, applied against bona fide purchasers of the land over which such easement is claimed. The law as to implied easements of this character is very fully discussed in the case of *Robinson* v. *Clapp*, 65 Conn. 365, in which the facts bearing upon the claimed easement of light and air were quite similar to those in the case at bar, and which we regard as decisive of the plaintiffs' claim to such an easement in the case before us. Of the existence of such an easement the court says (p. 384): " It must be of a character so evidently necessary to the reasonable enjoyment of the granted premises, so continuous in its nature, so plain, visible and open, so manifest from the situation and relation of the two tracts, as to fairly and clearly indicate to a prospective purchaser of the reserved portion the intention of the parties to the previous sale that it should remain, and to make such purchaser chargeable with knowledge that the law, based on justice, that equity founded on good conscience, would forbid him, in case of his purchase, to so occupy the lot as to interfere with such easement."

The fact that the blinds, which had been on the windows of the east side of the plaintiffs' house for more than fifteen years prior to the erection of the defendants' addition, would, when opened or closed, swing two or three inches over the divisional line, and that the cornice on the eaves of the plain-

tiffs' house, the molding of which was removed by the defendants, had extended during that period over said line for two or three inches, was properly regarded by the trial court as not sufficient proof of such an open, visible, adverse use of another's real estate as must be presumed to have been with the knowledge and acquiescence of the owner (*School District* v. *Lynch*, 33 Conn. 330, 334), or of such an easement in the plaintiffs, either by prescription or implied grant, as prohibited the defendants from building their addition on the divisional line as described in the deeds.

The placing of the flashboard on the west wall of the addition, so that it extended an inch over the divisional line, was a trespass upon the plaintiffs' land, which entitled them to a favorable judgment upon one of the issues raised by the pleadings, as well as to a judgment for a nominal sum for the damage which the legal injury, arising from the trespass, necessarily imports, even when no specific damage results from such an injury. *Parker* v. *Griswold*, 17 Conn. 288, 302.

For the reason, among others, that the plaintiffs' property has been found to be of the value claimed by them, the exclusion of some of the plaintiffs' evidence to prove that value was not harmful.

The conclusions reached by us render other rulings upon evidence unimportant.

There is error and the case is remanded with directions to correct the judgment in accordance with the views above stated, but without direction as to the judgment for costs in the Superior Court.

In this opinion the other judges concurred.