GIOVANNI BATTISTA BITELLO *vs.* PHILIP LIPSON.

Third Judicial District, New Haven, January Term, 1908.

BALDWIN, C. J., HAMERSLEY, HALL, PRENTICE and THAYER, Js.

An implied grant of an easement in light and air not necessary for the reasonable enjoyment of the right expressly granted, is not favored in this State.

The grantee of a right of way over another's land is entitled, in the absence of an express provision in the deed, to have light and air pass over the way only to such an extent as is necessary to its reasonable enjoyment, so that those who use it may pass with comfort, safety and convenience.

A ruling that the grantee is entitled not only to the unrestricted right of way for the purpose of passage, but also to the right of an uninterrupted access of light and air over and across the space upon which the way is located, is erroneous.

The plaintiff owned a back lot with a right of way to the street over a driveway ten feet wide located upon land formerly owned by his grantor. *Held* that a projection in the form of a bay window, eleven feet six inches above the ground for a distance of two feet six inches over the driveway, was not an interference with his right of passage, when the highest load for which the driveway had been, or was likely to be, used, would clear the bay window.

In inquiring whether an injunction ought to be granted against a claimed obstruction of a right of way, the proper question is, not what use the plaintiff might possibly attempt to make of his right of way, but what uses can he reasonably be expected to have occasion to make of it.

This court will not assume, in the absence of a finding to that effect, that an inspection of the premises, made by the trial judge after

the facts had been agreed upon by the parties, was without their consent.

It is not error to deny a motion to expunge an allegation that a right of way, claimed by virtue of grant, had long existed for the purposes of access and the passage of light and air, and was the only way to the highway, since such an allegation, while not strictly necessary, is not entirely irrelevant to a full statement of the plaintiff's claim.

A motion to expunge is an exclusive remedy, and will be granted only when the defect is plain.

Submitted on briefs January 21st—decided March 5th, 1908.

ACTION to restrain the obstruction of a passway, and for damages, brought to and tried by the Court of Common Pleas in New Haven County, *Wolfe, J.;* facts found and judgment rendered for the plaintiff, and appeal by the defendant. *Error and cause remanded.*

*Richard H. Tyner* and *Louis M. Rosenbluth,* for the appellant (defendant).

*George E. Beers* and *Carl A. Mears,* for the appellee (plaintiff).

HALL, J. Anson Brown owned a tract of land on the northerly side of Washington Avenue in New Haven, about 89 feet wide and 230 feet deep. In October, 1901, Brown conveyed the northerly end of said tract, a lot some 70 feet on the east and west, and 89 feet on the north and south, to the plaintiff, and also, by the same deed, granted the plaintiff a right of way over the east side of the remainder of the grantor's tract, in the following language: "and the use of a right of way in common with myself, heirs and assigns forever, over a strip of land ten (10) feet wide and one hundred and sixty (160) feet, more or less, deep, from Washington Avenue to the above described land." At the time of said conveyance there was a dwelling-house on the lot conveyed, and there is now also a small barn and sheds upon it.

In August, 1902, Brown conveyed to one DeCrosta a tract immediately south of that conveyed to the plaintiff,

bounding him northerly on the plaintiff 79 feet and easterly 56 feet on "a driveway." There was then a dwelling-house on the tract conveyed to DeCrosta.

In June, 1904, the remainder of said original tract, being the land immediately south of DeCrosta and fronting on Washington Avenue, together with the fee to the driveway on the east side of the same, was conveyed to the defendant. This deed described two parcels of land, the easterly boundary of one being the "driveway eighty-seven (87) feet," and the other being described as follows: "Also another piece or parcel of land fronting ten (10) feet southerly on said Washington Avenue; northerly ten (10) feet on land formerly of Roscoe Brown; easterly and westerly lines running parallel with the above described property eighty-seven (87) feet, and known as the driveway leading to and from Washington Place, subject to the conditions and stipulations of said right of way."

The said strip of land 10 feet wide and 160 feet long, has for about twenty years been used by said Brown and his successors in title to said rear premises, for all purposes of ingress and egress, to and from said lot and buildings now owned by the plaintiff, and it is the plaintiff's only means of access to his said property. It has for a long time been known as Washington Place.

In December, 1906, the defendant commenced constructing, on the east side of his dwelling-house, which fronts on Washington Avenue and adjoins said driveway, a bay window, eleven feet and six inches above the ground, extending about sixteen feet north from the southeast corner of the house, and projecting over said driveway two feet and six inches.

Upon the question of the possible interference of this bay window with the plaintiff's use of the driveway, these facts are found: The plaintiff is engaged in the ice business, and keeps his ice wagon, which is five feet and four inches high, upon his said premises. A two-horse covered ice wagon is eight feet and six inches high, and six feet two inches wide. The highest furniture van used in New

Haven is ten feet six inches high, and seven feet four inches wide. The highest two-horse canvas covered truck is ten feet eleven inches high. The ordinary two-horse truck, loaded with furniture, is not higher than eleven feet. If a high furniture van were to be driven through the driveway into the plaintiff's premises, it could not be turned around on account of the buildings. A two-horse load of loose hay is from eight to ten feet wide and from ten to twelve feet high. The plaintiff purchases his hay by the bale, and has never carted anything over said driveway with which said bay window would interfere.

The finding states that in addition to the above facts found, as stipulated by the parties, the court personally viewed the premises, and that, "in the light of all the surrounding circumstances, and from a view of the premises," reached the conclusion that "the plaintiff is not only entitled to an unrestricted right of way over the strip of land described in the grant to him, for the purpose of passage, but is also entitled to the right of uninterrupted access of light and air over and across the same, and that the erection of the structure in question is an improper and material interference with and obstruction of such rights, thus rendering the right of way less beneficial and useful."

Among the claims of law made by the defendant was the following: "The owner of the fee in a strip of land over which a right of way is granted by deed, with no reservation of light and air, has a right to construct a bay window over said right of way, provided it is so constructed at so great a height that it does not interfere with the reasonable and ordinary use of said right of way."

The only ruling of the trial court upon the defendant's claims of law was that they were overruled, in so far as they were inconsistent with the judgment rendered and the conclusion stated.

The defendant's said claim was inconsistent with the conclusion of the trial court above set forth, and with the judgment based upon that conclusion. The defendant's

claim was. that there being no express grant of an easement of light and air over the strip in question, the owner of the fee might construct a bay window over it at such a height as not to interfere with the reasonable and ordinary use of the right of way. The court said in its conclusion that the plaintiff was entitled not only to unrestricted right of way over the strip, for the purpose of passage, but also " to the right of an uninterrupted access of light and air over and across the same." By this language, as well as from the judgment rendered upon the facts found, it seems clear that the court intended to hold that any material interference, by the defendant, with the " access of light and air over and across " the strip of land was an obstruction of the plaintiff's rights, even though it did not interfere with the reasonable and ordinary use of the right of way.

This ruling was erroneous. By his deed from Brown the defendant acquired the fee to land over which he was building the bay window, encumbered by a right of way previously granted by Brown to the plaintiff, which was a right of passage over the ten-foot strip. *Hart* v. *Chalker*, 5 Conn. 311, 315. The deed from Brown to the plaintiff contained no express grant of an easement of light and air. Implied grants of such easements not reasonably necessary for the enjoyment of the rights expressly granted, are not favored in this State. General Statutes, § 4046. There was no implied grant to the plaintiff of a right to have light and air pass over the driveway to any greater extent than was necessary for the reasonable enjoyment of the right of passage granted. *Puorto* v. *Chieppa*, 78 Conn. 401, 404, 62 Atl. 664; *Robinson* v. *Clapp*, 65 Conn. 365, 32 Atl. 939; *Atkins* v. *Bordman*, 2 Metc. (Mass.) 457; *Gerrish* v. *Shattuck*, 132 Mass. 235. We are unable to see how the projection two feet and a half over the driveway, of a bay window eleven feet and a half from the ground, could so diminish or affect the supply of light and air in the driveway as to prevent those persons who have the right to use it, or those vehicles which are permitted to be

driven over it, from passing along it with comfort, safety, and convenience, and the trial court has not found that it would. The driveway is not to be kept supplied with light and air for the benefit of the public. The way granted to the plaintiff is appurtenant to his land, and is a private one. That this lane is known as "Washington Place" does not make it a public court or highway or thoroughfare. The deed to the defendant describes it as "leading to and from Washington Place." The grant to the plaintiff gives no right to any person to use it for any other purpose than, in passing to and from the plaintiff's premises.

It follows from what we have said that the judgment was erroneous unless it appears that the bay window itself would constitute a physical obstruction to the proper use of the driveway, such use being the measure of the plaintiff's right under his deed. The court has not found that it would, and the facts found show that it would not. The top of the highest loaded vehicle described in the finding, a two-horse load of loose hay, which never has passed and probably never will pass through the driveway, might extend six inches above the bottom of the bay window. If there should ever be any occasion to drive such a loaded vehicle by the bay window, it evidently could be done without any inconvenience. In inquiring whether an injunction ought to be granted upon the ground that the bay window may directly interfere with the plaintiff's use of the driveway, the proper question is not what use the plaintiff might possibly attempt to make of it, but what uses can he reasonably be expected to have occasion to make of it. Such uses would seem to be covered by those the measurements required for which are given in the finding.

The defendant complains of the action of the court in visiting the premises after the facts of the case had been agreed upon by the parties. In the absence of a finding that it was done without the consent of counsel, we cannot assume that it was.

The motion of the defendant to expunge the allegation

of the complaint that the right of way had existed for a long time prior to the conveyance to the plaintiff, for the purpose of furnishing access to Washington Avenue for all purposes, including those of light and air, and as the only way from the plaintiff's lot to any public highway, was properly denied. Although not strictly necessary to the complaint, this allegation was not entirely irrelevant, since it tended to more fully state the plaintiff's claim. *Dawson* v. *Orange*, 78 Conn. 96, 101, 61 Atl. 101. The motion to expunge is an exclusive remedy, and will be granted only when the defect is plain. Practice Book, 1908, p. 255, § 185.

There was error and the judgment is set aside and the case remanded with directions to render judgment for the defendant:

In this opinion the other judges concurred.