[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This is an action for an injunction seeking the removal of completed construction consisting of an alteration and addition to a single family dwelling on Lot #3 on a map entitled "Property of Florence L. Maginnis, Greenwich, Connecticut."
The First Count of the First Amended Verified Complaint alleges that the defendants proposed to construct a portion of their septic system within the boundaries of a certain right of way. The plaintiff offered no evidence in proof of these allegations and so the issues are found for the defendants on this count. Count Two alleges that the zoning enforcement officer failed to issue a certificate of zoning compliance prior to the issuance of the building permit as mandated by 8-3(f) of the General Statutes.
The Third Count claims that the additions and alterations violate 6-141(b)(2) of the building zone regulations of the Town of Greenwich. The defendants resist this claim on the grounds that CT Page 7955 the plaintiffs have failed to exhaust their administrative remedies in that they have not appealed to the Greenwich Planning and Zoning Board of Appeals the determination of the zoning enforcement , officer which resulted in the issuance of the building permit. Thus, the defendants argue that the court is without subject matter jurisdiction, Cummings v. Tripp, 204 Conn. 67, 75 (1987).
This court believes that this issue is controlled by the rule enunciated by our Supreme Court in Country Lands. Inc. v. Swinnerton, 151 Conn. 27, 33 (1963) and its progeny. On the other hand, there are well established exceptions to the exhaustion requirement. For instance, a party need not exhaust an inadequate or a futile administrative remedy, Conto v. Zoning Commission,186 Conn. 106, 115 (1982). "Further, a court will not deny access to injunctive relief when local procedures cannot `effectively, conveniently and directly determine whether the plaintiffs are entitled to the relief claimed"' Bianco C. Darien, 157 Conn. 548,555 (1969). To satisfy these exceptions the complaint must contain clear and precise allegations of specific and material claims of damage and that the same relief sought from the trial court is unavailable from the administrative agency, Cummings v. Tripp, supra at 75. As to the first requirement, Counts Two and Three are totally devoid of any such allegations. Paragraph 15 of Count Three alleges that the defendant "Belle Terre did not have the right under the building zone regulations . . . to make alterations and/or additions to the foundation". These allegations are precisely the issues which confronted the Planning and Zoning Board of Appeals when the plaintiff appealed the decision of the zoning enforcement officer and which forms the basis of the administrative appeal which is pending in this court as Lindemann v. Planning and Zoning Board of Appeals of the Town of Greenwich, CV91 0119473 (of which the court takes judicial notice). In fact, none of the allegations in the complaint (to say nothing of the evidence which was offered at trial) bring this case within any of the exceptions to the exhaustion doctrine and therefore a judgment of dismissal is hereby ordered as to Counts Two and Three.
Count Four simply alleges that the construction interferes with the plaintiff's view of Long Island Sound and therefore constitutes a private nuisance. The court decided this issue from the bench by granting the defendants' Motion for Judgment of Dismissal at the conclusion of the plaintiff's case.
Count Five alleges that the defendants have interfered with the plaintiffs Milton J. and Myra Schubin's implied easement of light and air. The issues as to this count both of law and of fact are found for the defendants. While no evidence was offered even remotely tending to prove that the defendants' house will interfere with the plaintiff's light and air, the plaintiff's claim must fail as a matter of law. CT Page 7956
An implied easement has been defined as follows: "`where during the unity of title an apparently permanent and obvious servitude is imposed on one part of an estate in favor of another, which at the time of severance is in use, and is reasonably necessary for the fair enjoyment of the other, then, upon a severance of such ownership . . . there arises by implication of law . . . reservation of the right to continue such use . . .'" Powers v. Grenier Construction. Inc., 10 Conn. App. 556, 559
(1987). It is apparent that the first essential element of an implied easement is unity of title. No evidence was offered to show that the enjoyment of light and air by the dominant tenement over the servient tenement existed at the time when there was unity of title between Lots 2 and 3. The fact that at one time both lots were part of a larger tract in single ownership does not satisfy this requirement. Second, the easement must have constituted a "permanent and obvious servitude over the servient tenement." However, a servitude depends for its existence upon some recognized or recognizable right of one property to be benefited by another. But even if these general requirements which govern implied easements in general were satisfied, none of the facts essential to the creation of an implied easement of light and air are present in this case. The plaintiff relies on Robinson v. Black, 65 Conn. 365
(1895) and Puorto v. Chieppa, 78 Conn. 401 (1905). Both of these decisions involved interference with light and air which was so necessary to the reasonable enjoyment of the dominant tenement as to constitute an impairment of the health and safety of the occupants thereof. See, Bitello v. Lipson, 80 Conn. 497, 502
(1908). In contradistinction, this case involves neither light nor air, but view. The evidence at trial was clear and uncontroverted that the defendants' residence interfered not at all with the plaintiffs' light and air but blocked their view of Long Island Sound. Although the commentators seem to lump view in with light and air when discussing the principles which govern the existence of an easement, 3 Powell on Real Property 414[8], the plaintiff has cited no authority to support its position that it is legally entitled to have its view of the water preserved and protected in the absence of the grant of an express easement of view. In fact, the contrary is true. "In the absence of an easement of light, air or view, a property owner has no legal cause for complaint for interference therewith by the lawful erection of a building or other structure on the adjoining land, Am.Jur.2d, Sec. 89 at 572. Even the legislature has declined to recognize the right as one capable of acquisition by adverse possession, G.S. 47-25. Whether the erection of the building in question is lawful will be determined in Lindemann v. Planning and Zoning Board of Appeals, supra. If it is found that the building was erected unlawfully, the condition can be made lawful and the obstructive view may be modified as a result. CT Page 7957
"It is clear that the power of equity to grant injunctive relief may be exercised only under demanding circumstances". Leo Foundation v. Cabelus, 151 Conn. 655, 657, 201 A.2d 654 (1964). . . . "Restraining the action of an individual or a corporation by injunction is an extraordinary power, always to be exercised with caution, never without the most satisfactory reasons.' Goodwin v. New York. N.H. H.R. Co., 43 Conn. 494, 500 (1876); Ginsberg v. Mascia, 149 Conn. 502, 505, 182 A.2d (1962)." Nicholson v. Connecticut Half-Way House. Inc., 153 Conn. 507, 511 218 A.2d 383
(1966). Anderson v. Latimer Point Management Corporation, 208 Conn. 256
(1988).
For the foregoing reasons the Application for Permanent Injunction is denied and judgment may enter for the defendants on all counts.
MOTTOLESE, J.