HENRY PARSONS *vs.* NEW YORK, NEW HAVEN, AND HARTFORD RAILROAD COMPANY.

Middlesex. November 24, 1913.— December 23, 1913.

Present: RUGG, C. J., HAMMOND, BRALEY, & DE COURCY, JJ.

*Way,* Private: creation, abandonment. *Easement. Deed. Practice, Civil,* Ordering verdict. *Evidence,* Presumptions and burden of proof.

A railroad corporation conveyed a tract of about four acres adjoining its location to W and W, the deed containing, at the conclusion of the description of the parcel, this language: "the said W & W are to have the right to pass from the easterly end of the above premises over the land of said Company to the Co. Road." The habendum clause read in the usual form, "unto the said W and W, their heirs and assigns." *Held,* that the deed created a right of way appurtenant to the parcel of land, and not one personal to W and W, to cease with their lives.

A right of way, created by an express grant not limited as to time, is not extinguished when the owner of the land to which it is appurtenant acquires another way that can be used for the same purposes.

A right of way created by grant, appurtenant to a certain parcel of land, passes by a deed conveying the land with all the privileges and appurtenances thereto, although the right of way is not specifically mentioned in the deed.

The fact that a tract of farming land, appurtenant to which was a right of way across a railroad location, created by deed, came to be used in connection with a trotting park and that there were erected on it several buildings adapted to that purpose, is not evidence of an intention to abandon the right of way, where it appears that, after the change in the nature of the use of the land, the way still was used by its owner.

Where a right of way is created by a grant which does not in terms limit its scope, it is available for all reasonable uses in connection with the dominant estate.

Although it is seldom proper to order a verdict for a plaintiff upon whom rests the burden of proof as to issues raised by the pleadings, exceptions by the defendant at the trial of an action where such a course was followed will not be sustained, if at the trial no specific exception to such action of the judge was taken and the record shows that there was no substantial dispute as to the evidence and that the defendant rested his case upon certain contentions on questions of law which the judge rightly determined against him, and in this court the defendant has not argued that he was entitled to have the case submitted to the jury because they might have disbelieved the evidence of the plaintiff.

TORT for the obstruction of a right of way over the tracks of the defendant near Marlborough Junction station. Writ dated February 14, 1908.

In the Superior Court the case was tried before *Fox*, J. The material facts are stated in the opinion. At the close of the evidence the parties agreed that, if the plaintiff was entitled to recover, his damages should be $100. The defendant asked for the following rulings:

"1. Upon all the evidence the plaintiff is not entitled to recover.

"2. The defendant has not obstructed any way belonging to the plaintiff.

"3. The plaintiff has never acquired a right of way over the tracks of the defendant, as claimed."

"5. The only right of way, if any, possessed by the predecessors in title of this plaintiff was a way of necessity.

"6. By reason of the subsequent acquisition of other land by the plaintiff's predecessors in title, giving them a convenient way to the public highway, the reason for the existence of a way of necessity ceased.

"7. A way of necessity ceases as soon as the necessity ceases."

"9. The only way, if any, ever attached to the parcel of four acres or lot No. 3 was confined to use for farming purposes and was not available for show purposes.

"10. The use of the right of way must be limited to that which is shown by the evidence for which the way was originally designed.

"11. The owner of a tenement having a right of way by grant or by user is not entitled by altering the character of his tenement to use the way for new purposes so as to increase the burden upon the servient tenement."

The rulings were refused. The judge ordered a verdict for the plaintiff in the sum of $100; and the defendant alleged exceptions.

The case was submitted on briefs.

*J. L. Hall, J. Wentworth & S. C. Rand,* for the defendant.

*N. N. Jones & W. Temple,* for the plaintiff.

RUGG, C. J. This is an action for the obstruction of an alleged right of way across tracks of the defendant. In 1857 the Agricultural Branch Railroad Company, a predecessor in title of the defendant, deeded to George E. Woods and Winslow M. Warren two parcels of land adjacent to its location. The first parcel described in the deed contained about four acres, and at the

conclusion of its description by metes and bounds was this language: — "the said Woods & Warren are to have the right to pass from the easterly end of the above premises over the land of said Company to the Co. Road." Following the description of both parcels was the habendum clause in the usual form "unto the said Woods and Warren, their heirs and·assigns."

1. The first contention of the defendant is that this deed created only an easement during the lives of the grantees. This contention cannot be supported. There is nothing to indicate that Woods and Warren had any other occasion to use the right of way than as a means of passing to and from the four acre lot. The inference seems to be inevitable that it was intended to be appurtenant to the estate granted. The habendum with the words "heirs and assigns" which follows the description both of the easement and of the land fixes the character of title conveyed to each as being coextensive. The deed conveyed a right of way in fee appurtenant to the land. *Pratt* v. *Sanger,* 4 Gray, 84. *Dennis* v. *Wilson,* 107 Mass. 591, 592. *Hogan* v. *Barry,* 143 Mass. 538.

2. The easement does not arise by necessity, but by express grant. Its duration is not limited by the deed to the bald necessities of the owner of the estate, but is unbounded-as to time. Hence, the circumstance that the owner of the lot has acquired another way access does not warrant the inference of extinguishment of the earlier way created by express grant. *Atlanta Mills* v. *Mason,* 120 Mass. 244, 251. As there is nothing in the terms of the deed to restrict the right of way to the necessities of the owner of the land, *Viall* v. *Carpenter,* 14 Gray, 126, plainly is distinguishable.

3. The deed from Woods and Warren to their first successor in title, executed in 1864, contained no express reference to this way. It is familiar law that easements or other interests in land necessary for its natural uses pass under the general clause granting privileges and appurtenances. That rule applies to the case at bar. There was testimony that as far back as 1872 the way was located, and that at that time there was a bar way in the fence separating the lot from the land of the railroad, and that there were planks on each side of the rails, indicating a condition of some permanence and of considerable antecedent existence. The original grantees appear to have died before the trial. In

the nature of things precise evidence as to facts existing in 1864 was difficult to obtain. The land, according to the earliest testimony touching its character, was cultivated, and hence may be presumed to have required frequent passage to it by its owners or occupants. It is obvious from the plan and other evidence that in 1857, and until after 1864, the only access to the tract was over this way. But for this right of way described in the grant, there would have been no path to reach the land unless one by necessity had been implied. Such an implication does not arise in the face of an express grant. Moreover, by the terms of the grant the easement became parcel of the premises and hence passed as appurtenant by subsequent conveyance. *Grant* v. *Chase,* 17 Mass. 443, 447. *Peck* v. *Conway,* 119 Mass. 546. The way was essential to the use and enjoyment of the granted premises. It was said by Chief Justice Shaw in *Tourtellot* v. *Phelps,* 4 Gray, 370, 378, that "the grant of a principal thing carries all things necessary to the use and enjoyment of the thing granted, which the grantor had power to convey." The inference under all the circumstances is irresistible that the way actually belonged to the estate and, being appurtenant, passed by implication under the deed of 1864. The necessary connection between the land and the way was too close to warrant the idea of a severance. There is nothing inconsistent with this result in *Philbrick* v. *Ewing,* 97 Mass. 133, *Parker* v. *Bennett,* 11 Allen, 388, *Bass* v. *Edwards,* 126 Mass. 445, 449, and *Haverhill Savings Bank* v. *Griffin,* 184 Mass. 419, 421.

4. There was no evidence of abandonment of the easement. An easement created by deed is not defeated by mere non-user. There must be in addition other acts by the owner of the dominant estate conclusively and unequivocally manifesting either a present intent to relinquish the easement or a purpose inconsistent with its further existence. *Willets* v. *Langhaar,* 212 Mass. 573, 575, and cases cited. The evidence upon which the defendant relies as showing this purpose is that the tract in question, together with others, has been used in recent years as a trotting park, and that upon the four acre lot a grandstand, a judge's stand and a portion of the race track were constructed. All this happened, however, a considerable time before 1906, when the obstruction complained of was made. The use of the way appears to have been

reasonably continuous up to that time; at all events, there is no evidence of non-user.* Although these acts in conjunction with continuous non-user might possibly be found to indicate abandonment, yet when accompanied by such use of the way as is shown by the evidence in this case they fall short of showing intent to abandon.

5. There was no evidence which raised any doubt as to the actual location of the right of way. It was opposite the bar post and continued to the county road. The statement by one witness that he had seen Mr. Phipps, one of the occupants of the lot, using another way, plainly related not to the way in question but to a distinct easement at a different place, which was referred to in the testimony of another witness also.

6. The contention of the defendant that the way was confined to farming uses, and was limited to the purposes for which originally it was designed, is unsound. The grant was of a general right of way. It is only where a right of way is acquired by prescription or is narrowed by the terms of the grant to definite purposes that the extent of the easement is restricted. Where the easement arises by grant and not by prescription, and is not limited in its scope by the terms of the grant, it is available for the reasonable uses to which the dominant estate may be devoted. *Randall v. Grant,* 210 Mass. 302, and cases cited at 304. *Johnson v. Kinnicutt,* 2 Cush. 153, 157. *Gorton-Pew Fisheries Co. v. Tolman,* 210 Mass. 402, 412. *Crosier v. Shack,* 213 Mass. 253. *United Land Co. v. Great Eastern Railway,* L. R. 10 Ch. 586. Cases like *Atwater v. Bodfish,* 11 Gray, 150, and *Taff Vale Railway v. Canning,* [1909] 2 Ch. 48, relied upon by the defendant, are not applicable because they relate to easements for limited uses.

7. It has not been argued that the defendant was entitled to go to the jury because they might disbelieve all the evidence proffered in behalf of the plaintiff, so that issue is not involved here. It is rarely that a verdict can be directed in favor of a

---

* It appeared in evidence that the property was purchased in 1897 by the Marlborough Park Corporation, which shortly thereafter built a high fence between the four acre tract in question and the railroad location, and placed thereon a large gateway at the place where a bar way, marking the way previously, had existed, and that this gateway and the way were used thereafter by members of the corporation and by the plaintiff who succeeded to its title.

plaintiff upon whom rests the burden of affirmative proof touching issues raised by the pleadings. But in the case at bar no substantial dispute appears upon the record to have been made respecting the controlling facts testified to by witnesses. The defendant rested upon the propositions of law which have been discussed. Indeed, it is apparent from the record as a whole that the difficulties at the trial below were not as to the truth of the testimony, but as to the governing principles of law. Hence the rule of *Lindenbaum* v. *New York, New Haven, & Hartford Railroad*, 197 Mass. 314, does not apply, and it has not been argued by the defendant that it does.

*Exceptions overruled.*