Schroeder *v.* Taylor.

THEODORE SCHROEDER *vs.* SAMUEL W. TAYLOR ET ALS.

Third Judicial District, Bridgeport, April Term, 1926.

WHEELER, C. J., CURTIS, MALTBIE, HAINES and HINMAN, Js.

Where the plaintiff, in an action to quiet title to a right of way, relies entirely upon an easement created by grant, and the conclusions of the trial court are amply sufficient to sustain a judgment in his favor upon that basis, the further conclusion that the way also exists of necessity is immaterial and this court will not correct the finding, by adding facts which are inconsistent therewith, even though such facts appear to be undisputed.

A deed of land together with all "privileges and appurtenances" is sufficient to grant an appurtenant right of way.

When the evidence essential to the correction of the finding does not appear in the record, this court is entitled to assume that the facts are properly found.

The acceptance of a deed of land "together with all the right, title and interest of the grantor in and to any and all ways or rights of way appurtenant to the premises above described and subject to existing rights in said rights of way," constitutes a recognition on the part of the grantee of the right of way as appurtenant to the land conveyed.

An easement created by deed will not be extinguished by mere nonuser, however long continued; there must be, in addition, circumstances indicating a release by prescription, or else the nonuser must originate in, or be accompanied by, some unequivocal and decisive acts of the owner of the easement showing an intention on his part to abandon the use of it.

To establish the loss of an easement by prescription, it must appear that the owner of the servient tract and his predecessors, by adverse use of a notorious, exclusive and hostile character and under a claim of right, have, for the statutory period, obstructed and excluded the owner of the dominant tract and his predecessors under such circumstances as to form the basis for an inference of a grant by the owner of the dominant tract releasing the easement to the owner of the servient tract.

The adverse use must be with the knowledge and acquiescence of the owner of the easement, neither of which will be held to exist unless it is shown that he was ousted from possession, that the ouster continued uninterruptedly for the statutory period, and that the other's possession was open, visible and exclusive.

In the present action to quiet the plaintiff's title to a right of way over the defendant's land, the trial court admitted in evidence

the deed from his immediate grantor, to which the defendant objected on the ground that certain recitals therein describing the easement by reference to numerous deeds and wills in the chain of title constituted self-serving declarations. The documents thus referred to were also introduced in evidence. *Held* that the trial court's ruling was proper, and that the recitals in the deed concerning the right of way served a useful and relevant purpose since, having been a matter of record prior to the acquisition by the defendant of the servient tract, they charged him with constructive notice of the plaintiff's claim to the right of way and tended to contradict his contention that he was unaware of such claim.

In support of his claim that the plaintiff's right of way had been abandoned, the defendant attempted to show the consideration paid by the plaintiff for the tract of land to which it was appurtenant, but the trial court excluded the evidence as immaterial. *Held* that the trial court did not err.

Where, the width of a right of way is not fixed in the grant creating it, and the only references thereto, among the numerous instruments comprising the chains of title to the dominant and servient estates, occur in two deeds of the latter tract, such isolated instances are not controlling as against the construction and intention evidenced by the acts and acquiescence of the parties and the practical uses which they obviously had in view at the time when the easement was granted.

The easement in the present case was defined as the " free liberty to pass and repass to and from said lands . . . where it will do us, our heirs and assigns as little damage as may be and will answer for the said Knapp, his heirs and assigns for carting, etc." *Held* that the reference to "carting, etc.," was not a restriction upon the uses of the right of way, but a limitation upon the choice of its location; that the fact that, until 1901, the easement was only used for carting was not of controlling significance, since prior to that time no dwelling-house had been erected on the dominant tract and no need existed for enlarging the way to meet the necessities of changed conditions; and that the plaintiff, as the present holder of the dominant estate, was entitled to use the way for any necessary or convenient purpose of passing pertaining to the ownership and occupancy of his land.

Argued April 16th—decided July 3d, 1926.

ACTION to quiet and settle the plaintiff's title to a right of way three rods in width over lands of the defendants in the town of Greenwich, brought to the

Court of Common Pleas for Fairfield County and tried to the court, *Walsh, J.;* judgment rendered confirming the plaintiff's title to a right of way twelve feet in width, from which he and the defendant Samuel W. Taylor appealed. *No error on defendant Taylor's appeal; error in part on plaintiff's appeal and cause remanded.*

*Theodore Schroeder,* with whom was *Thomas J. Ryle,* for the appellant (plaintiff).

*Raymond E. Hackett,* for the appellant (defendant Samuel W. Taylor).

HINMAN, J. The plaintiff's action is to quiet title to a right of way which he claims to be three rods wide and to be appurtenant to a tract of land owned by him. This the defendant denies, and further pleads that if the plaintiff's predecessors ever had such a right of way it has been lost by abandonment or by adverse possession. The principal facts as found by the trial court may be summarized as follows: The plaintiff owns, in fee simple, a piece of land in Greenwich, containing two and one-half acres, more or less, having obtained title by deed from John E. Knapp, dated June 1st, 1921, and by a series of later conveyances from Knapp heirs and two decrees in actions to settle title. The right of way was specifically granted, as appurtenant to a ten-acre tract, by a deed from James and Robert Nichols to Charles Knapp, dated March 23d, 1757, which deed is further referred to and quoted from hereafter. This ten-acre tract included what is now the plaintiff's land, a tract of two acres adjoining plaintiff's land on the north, which was owned by Clarence Jessup from 1901 until 1921, and then conveyed by him to and now owned by the defendant Taylor, and adjoining that, northerly, another tract

of four acres, more or less, last owned, so far as appears, by Margaret Cruise.

The grant from Nichols to Knapp remained unquestioned until about 1863, and the way was used at intervals by the Knapps and their successors and assigns. In 1864 and once thereafter, one Roberts claimed that Knapp's right of way was located further north than the one he was using, but the Knapps persisted in ignoring his protest, maintaining a legal right to the use of the way. From 1863 to about 1895, timber and firewood were cut from the land, which was a wood-lot; when all the wood was removed the Knapps had no further reason to use the way, but at no time did they relinquish or abandon their right to do so. Except as above stated, when the Knapps used this right of way no protest appears to have been made by anyone; no predecessor of the defendant Taylor ever denied the right of the predecessors of the plaintiff to an easement, the only claim being that it was located elsewhere than where the Knapps and Jessup and his predecessors actually used it.

When the original ten-acre tract became divided among three or more owners, each exercised his right by passing from his individual tract in an easterly and southeasterly direction until all the rights of way, so created, converged into one road. There was also evidence that there were rights of way down to the main right of way from other land to the north.

In 1901, Jessup purchased his two-acre tract from William M. Smith, and at once started to build a dwelling-house and to use the right of way from the highway for hauling in building material and produce. Thereupon the defendant Floerke, who owned land just north of where the way entered the highway, protested against Jessup's use, but Jessup persisted and removed bars which Floerke placed upon it. Jessup

used this right of way under a claim of right and title and not by permission.

In 1902, the defendant Taylor obtained title by warranty deed from Carrie M. Palmer to a tract of sixty acres, more or less, adjoining the ten-acre tract on the east; this deed described the premises conveyed as bounded "west by land of . . . Delvin, land of the estate of Charles William Knapp, land of Clarence Jessup and land known as undivided land . . . said above described premises being subject however to a certain right of way in favor of said Clarence Jessup and in favor of the owners of said undivided land."

From 1901 to 1921, Jessup, the members of his family, his guests, and merchants going to and from his house were in almost daily use of the right of way, and the defendants knowingly tolerated this use. Jessup's claimed right was identical in origin with the plaintiff's right, and during this time he was cotenant with the plaintiff and the plaintiff's predecessors in title in the right of way, and used the right of way as the same is now marked and defined by such use. During this period and up to the time the plaintiff obtained possession of his two and one-half acre tract, there is no evidence to show that the Knapps attempted to use the right of way; there was no apparent reason for them to do so, and there would not have been until they either built upon the place or the wood grew to be of sufficient value to be removed. The defendant Taylor never prohibited any of the Knapps from using this right of way, or gave any of them notice that he was holding the same adversely to them; neither did any of the Knapps have such notice from any other source.

In 1921, Jessup conveyed his two-acre tract to Taylor in exchange for other property, by a deed which described the tract "together with all the right, title

Schroeder *v.* Taylor.

and interest of the grantor in and to any and all ways or rights of way appurtenant to the premises above described and subject to existing rights in said rights of way."

The defendant Taylor moved to correct the finding in numerous respects, and the reason of appeal which relates to the denial of his motion is first considered. As Taylor is the only appealing defendant, he is hereinafter referred to as the defendant.

Paragraph eight of defendant's draft-finding sets forth, in substance, that land lying between the plaintiff's land and the highway known as Cognewaugh Road is now owned by the wife of the plaintiff. The defendant seeks to have this paragraph added to the finding for the purpose of controverting the court's conclusion that the right of way in question is the plaintiff's only means of access from his property to the public highway. The facts stated in this paragraph appear to be undisputed, but neither they nor the conclusion against which they are directed are material to the result. The plaintiff does not rely upon a claimed right of way by necessity, and the other conclusions, if they stand, are sufficient to sustain the judgment rendered.

The defendant seeks to add a finding that "no right of way or right to use the so-called right of way was granted to Jessup by said William M. Smith.". The facts regarding the conveyance from Smith to Jessup are set forth in paragraph twenty-three of the finding, which is not attacked. Furthermore, the mention, in this and the other deeds in Jessup's chain of title, of privileges and appurtenances, is sufficient to grant an appurtenant right of way. *Alling Realty Co.* v. *Olderman,* 90 Conn. 241, 251, 96 Atl. 935; *Blanchard* v. *Maxson,* 84 Conn. 429, 434, 80 Atl. 206.

Paragraph twenty-six of the draft-finding, to the

extent that during Jessup's use of the right of way he blasted some rock therefrom and obtained Taylor's permission to do so, is undisputed, and this statement is added to the finding. However, this circumstance is regarded as having little, and certainly not controlling, effect upon the basis and manner of use of the way by Jessup. It conclusively appears from such of Taylor's own testimony as is printed and from his own request for a finding (paragraph twenty-eight), that he never questioned Jessup's right to use the way.

The other insertions requested are statements of facts which are not admitted or undisputed, and the evidence, if there was such, supporting some of them is not before us.

Seven paragraphs of the finding are sought to be stricken out on the ground that they are found without evidence. Since the evidence certified and printed consists only of a few brief excerpts from testimony, it is entirely insufficient to a determination as to whether there was evidence supporting the findings in question, and we might very properly dismiss this portion of the appeal upon the principle that when the evidence essential for a correction of the finding is not before us we are entitled to assume that the facts are properly found. *Standard Co.* v. *Young,* 90 Conn. 133, 96 Atl. 932; *West* v. *Lewis Oyster Co.,* 99 Conn. 55, 121 Atl. 462; *Twining* v. *Goodman,* 83 Conn. 500, 77 Atl. 953. However, we consider further such of the claims made as are not entirely dependent upon a more complete record.

As to paragraph five, it is admitted that the plaintiff's predecessors in title made no use of the way since Jessup's purchase of the adjoining two-acre tract in 1901, so this paragraph should be corrected to read: "The plaintiff's predecessors in title used said right of way as appurtenant to said land for carting purposes,

as cotenants with the predecessors in title of said Jessup." That Jessup was cotenant with the plaintiff and his predecessors in title from 1901 until 1921, in the right of way, is found in paragraph four. Paragraph fifteen is corrected, consistently with other and controlling facts found, to read: "In 1757 the primeval forests and the original rocks made it impossible to cart wood from said ten-acre tract without going back and forth over a width of three rods." Recognition by the defendant of the right of way as appurtenant to the land conveyed, stated in paragraph twenty-eight, follows from acceptance of the deed from Jessup, as found in paragraph twenty-seven. *Morrison* v. *Chicago & N. W. Ry. Co.*, 117 Iowa, 587, 91 N. W. 793. The conveyance subject to existing rights in a right of way is not analogous to a mere exception in a covenant against incumbrances, as in *Botsford* v. *Wallace*, 69 Conn. 263, 37 Atl. 902.

That Jessup's use was under a claim of right identical in origin with the plaintiff's right, as found in paragraph thirty, is abundantly supported, even by the evidence before us. Paragraph thirty-seven and the first sentence of paragraph thirty-eight are, in effect, ultimate conclusions on the issue of abandonment and adverse possession, are repeated as such as paragraphs one and two of subdivision second, and their validity as conclusions will be considered hereafter. Since all the evidence is not before us, the remaining portion of paragraph thirty-eight must stand. Paragraph thirty-nine is supported by evidence and other subordinate facts, and is relevant to the questions of abandonment and adverse possession, although we regard the question of the existence of a right of way by necessity as immaterial to the result.

To recapitulate: So much of paragraph twenty-six of the draft-finding as is above stated, is added to the

finding; paragraphs five and fifteen of the finding are corrected as indicated; otherwise the finding stands as made.

The defendant's principal claims are that the plaintiff's predecessors in title abandoned their rights in the way, and that these rights have been lost by adverse possession. His attempts to secure correction of the finding were largely directed toward the elimination of facts found and the insertion of other facts the effect of which would be to deprive of adequate support the conclusions of the court that there was no such abandonment and no adverse possession on the part of the defendant and his predecessors. The finding was sufficient to justify these conclusions, and it so remains.

The question of abandonment is one of intention to be gathered from all the facts, and whether the evidence is sufficient to show abandonment is a question of fact and not of law. *Russell* v. *Davis,* 38 Conn. 562, 564; *Derby* v. *Alling,* 40 Conn. 410, 436; *McArthur* v. *Morgan,* 49 Conn. 347, 350; *New York, N. H. & H. R. Co.* v. *Cella,* 86 Conn. 275, 279, 85 Atl. 521; id. 88 Conn. 515, 91 Atl. 972. Mere nonuser of an easement created by deed, however long continued, does not create an abandonment. There must also be some conduct on the part of the owner of the servient estate adverse to and inconsistent with the existence of the easement and continuing for the statutory period; or the nonuser must originate in, or be accompanied by, some unequivocal and decisive acts of the owner of the easement showing an intention on his part to abandon the use of it. Jones on Easements, §§ 849, 863, 865; *American Brass Co.* v. *Serra,* 104 Conn. 139, 145, 132 Atl. 565; *Dewire* v. *Hanley,* 79 Conn. 454, 457, 65 Atl. 573; *Mason* v. *Horton,* 67 Vt. 266, 31 Atl. 291; *Parsons* v. *New York, N. H. & H. R. Co.,* 216 Mass. 269,

103 N. E. 693; *Willets* v. *Langhaar,* 212 Mass. 573, 575, 99 N. E. 466; *Porter* v. *International Bridge Co.,* 200 N. Y. 234, 93 N. E. 716; *Hennessy* v. *Murdock,* 137 N. Y. 317, 326, 33 N. E. 330; 19 Corpus Juris, p. 941. It is no more necessary that a person having title by deed to an easement appurtenant to land should make use of the easement to maintain his title than it is that he should actually occupy and cultivate the land. *American Brass Co.* v. *Serra, supra,* p. 145.

To establish the defendant's claim of title by adverse possession, it must appear that he and his predecessors, by adverse use of a notorious, exclusive and hostile character and under a claim of right have, for the statutory period, obstructed and excluded the plaintiff and his predecessors so as to form a basis for an inference of a grant, releasing the easement, by the owner of the dominant tract to the owner of the servient. *American Brass Co.* v. *Serra, supra,* p. 150. The adverse user must be with the knowledge and acquiescence of the owner; to give this knowledge and obtain this acquiescence the law requires that the owner shall be ousted of possession, that the ouster shall be continued uninterruptedly for the statutory period, and that the possession shall be open, visible and exclusive in another. The law designs that the owner shall have ample knowledge on the subject and a full opportunity to assert his claim. *School District* v. *Lynch,* 33 Conn. 330, 334; *Puorto* v. *Chieppa,* 78 Conn. 401, 62 Atl. 664; *Goodwin* v. *Bragaw,* 87 Conn. 31, 86 Atl. 668.

The finding here discloses no acts of the plaintiff's predecessors of a character suggesting any intent to abandon their easement, much less to conclusively establish such an intention; on the contrary, their lack of actual use is logically accounted for on a ground consistent with a continuing right; the finding nega-

tives any notice to them of an adverse holding, and any knowledge on their part of any claim adverse to them, and the defendant's possession, so far as concerns the easement in question, lacks that open, exclusive and hostile character which is essential to render it adverse to the plaintiff's title. The facts found are legally competent to support the trial court's conclusions that there was no abandonment by the plaintiff's predecessors in title, and that the defendant has not, by adverse possession, extinguished the title; consequently the plaintiff's title remains unimpaired.

The defendant assigns error in the admission in evidence of the deed from John E. Knapp to the plaintiff, which was objected to on the ground that it contained recitals amounting to self-serving declarations in favor of the plaintiff. This deed purported to convey to the plaintiff two and one half acres of land and, as appurtenant thereto, the right of way in question, and, by way of describing the latter, recited, by reference, numerous deeds and wills in the chain of title from the conveyance from Nichols to Charles Knapp, in 1857, down, through and under which the grantor claimed the right of way. This deed was, of course, the foundation of the plaintiff's title and essential to his case. The documents referred to were subsequently introduced in evidence. The recitals concerning the right of way, contained in this deed, served a relevant and useful purpose, in that the recording of the deed, some months before the defendant exchanged lands with Jessup, charged the former with constructive notice of this recent assertion of title in the right of way, as opposed to the defendant's claim that when he made the exchange with Jessup, for the purpose of extinguishing it, he was unaware of any

claimed right in favor of the plaintiff. The deed was properly admitted.

The defendant endeavored to show, by the plaintiff, the consideration paid by him for the two and one half acre tract, but this was, as the trial court ruled, immaterial to the issue of abandonment, as to which it was claimed. As affecting the existence of the right of way as a way of necessity, the defendant sought to prove by the plaintiff the consideration for the purchase of land, adjoining the plaintiff's tract, by his wife, in 1923, and by whom the consideration was furnished. Since the plaintiff at no time relied on a claim of way of necessity, this evidence was immaterial.

There is no error on the defendant's appeal.

The plaintiff appeals from the refusal of the court to correct paragraph seven of the finding, "Said right of way is twelve feet wide," by substituting "three rods" for "twelve feet." But in another paragraph of the finding it is stated: "There is no evidence to show that a driftway from this ten-acre tract three rods wide was ever used to the extent of three rods in width. On the contrary, the verbal testimony and depositions fix the width of the driftway, as used, at from eight to twelve feet." The 1757 deed from the Nichols to Knapp, by which the right of way was originally created, contains no specifications as to its width, and in the numerous conveyances relating to both the dominant and the servient tracts the only mention of width is in two deeds, not in the plaintiff's chain of title but pertaining to servient lands, and, as the trial court indicates and as is confirmed by examination of the exhibits, it is uncertain that these refer, at least in entirety, to the right of way in question. In any event, these isolated instances would not be controlling as against the construction and intention evidenced by the acts and acquiescence of the parties and the

practical uses which the parties obviously had in view at the time when the easement was granted. Jones on Easements, § 364; *Walker* v. *Pierce,* 38 Vt. 94; *Drummond* v. *Foster,* 107 Me. 401, 78 Atl. 470; *Cotting* v. *Murray,* 209 Mass. 133, 95 N. E. 212. The finding as it stands is adverse to the plaintiff's claim that his right of way is three rods wide.

The plaintiff made the claim, on the trial, that he was entitled to use the right of way for any convenient or necessary purpose as appurtenant to his ownership of his two and one half acre tract, and assigned as error the overruling of this claim. The trial court found that the way "was only granted for the purpose of carting and was never used for any other purpose until 1901, from which time until 1921 it was used by one Jessup for all purposes of exit and egress to his dwelling-house on a part of the original ten-acre tract to which this right of way was originally appurtenant. And I further find that not more than twelve feet in width was ever occupied by the plaintiff, or his predecessors in title, as a driftway, and further that twelve feet is a reasonable width for carting over that driftway." This conclusion is embodied in the judgment and is the only reference therein to the purposes of the right of way; while the language does not specifically or, we think, by necessary implication, limit the use of the way to the single purpose of carting, it may, as the plaintiff contends, be open to such a construction.

The original deed, Nichols to Knapp, 1757, as is set forth in paragraph ten of the finding, after describing the land conveyed, grants the right of way by the following language: "with free liberty to pass and repass to and from said lands from the usual place of going over Hyanos River, below and near to our dwelling house. Provided the said Knapp, his heirs and

assigns, shall pass and repass [illegible word, probably "where"] it will do us, our heirs and assigns as little damage as may be, and will answer for the said Knapp, his heirs and assigns, for carting, &c." The trial court, as appears by the conclusion quoted above, construed the reference in the deed to "carting, &c." as limiting the purpose of the right of way. The plaintiff contends that according to a proper textual construction of that portion of the deed, especially if read in the light of the situation of the property and the surrounding circumstances at the time, these words are to be taken as part of the limitation put upon the choice of location of the right of way and not as a restriction upon its uses. With this we agree. The grant was one of a general right to pass and repass. The succeeding separate provision quite clearly means, we think, that the location of the way shall be such as shall least damage the grantors and at the same time serve the grantee for carting and similar purposes as well as lesser uses, such as passage on foot or horseback. *Peck* v. *Mackowsky,* 85 Conn. 190, 193, 82 Atl. 199. The fact found, that the way was not used for any purposes other than carting and walking until 1901, is not of controlling significance, since no occasion for using it for any other purpose is suggested by the condition and use of the premises to which it was appurtenant. As soon as convenience required, after Jessup built his house, the purposes of its use were enlarged by him according to the necessities of the changed conditions. The plaintiff is entitled, likewise, to use the right of way for any necessary or convenient purpose of passing pertaining to ownership and occupancy of his land to which the right of way is appurtenant. The judgment should be corrected so as to definitely so provide.

There is error in part on plaintiff's appeal and the cause is remanded for the correction of the judgment in accordance with this opinion.

ᴉᴫ this opinion the other judges concurred.