## FIRST FEDERAL SAVINGS & LOAN ASSOCIATION OF MERIDEN
### vs.
## ELIZABETH DAINTON, ET AL.

Superior Court       New Haven County       File #52957

MEMORANDUM FILED APRIL 27, 1938.

Harry R. Cooper, of Meriden, for the Plaintiff.

Robert M. Dowling, of Meriden, for the Defendants.

WYNNE, J. By the deed of John W. O'Loughlin, dated March 7, 1907 a right of way was established by grant. It was made appurtenant to the premises now owned by the plaintiff. It was exactly located and described and is the very strip now subject of controversy. That right of way has never been legally extinguished. The Court entertains no

doubt that Mr. O'Loughlin's intent was that it was to be continued as a family matter. This accounts for omitting reference to it on the occasion of the first conveyance to a stranger. It explains why subsequent owners were given to understand that their rights to use the driveway were permissive only. That it continued as a right of record, however, there can be no question. The case of *Schroeder vs. Taylor*, 104 Conn. 596 is sufficient authority for this. The state of mind of the original grantor and his heirs has no bearing nor does the fact that some of the owners have been under the impression that they had no rights except by sufferance. Granted that there was established a right of way, it must be held that it was an appurtenance. It would be illogical to say that it was as to relatives but not as to strangers.

It is true that the present action is not to quiet title. At the same time there can be no doubt that the motive of the defendant O'Loughlin was to exercise such overt acts of dominion and encroachment as to buttress a claim in the future adverse to any assertions by the present plaintiff or successors in title. What he did was in his sister's behalf as much as his own.

The plaintiff's legal rights in and to the fifteen foot strip can be, and should be, vindicated in the present action. An injunction may issue restraining the defendants from interfering in any way with the plaintiff's right to use the fifteen foot strip as a driveway. Counsel may submit draft of proposed judgment.