IDA KAUFMAN, ET AL.
*vs.*
PHILIP LIPSON, ET AL.

Superior Court        New Haven County        File #54809

MEMORANDUM FILED DECEMBER 10, 1938.

David M. Reilly, of New Haven; Israel Hillman, of New Haven, for the Plaintiffs.

Louis Feinmark, of New Haven; Harry E. Konick, of New Haven, for the Defendants.

DICKENSON, J. In the pleadings the plaintiffs claim a right of way by deed over land of the defendants, allege the defendants have obstructed and prevented the use of the way by themselves and their lessees, and ask for an injunction restraining the defendants from such interference.

The defendants admit the deed, their ownership of the fee in part, admit placing obstructions in the right of way and deny the plaintiffs were entitled to the "lawful use of said right of way."

As appears in the original complaint, the plaintiffs owned other real estate adjoining that described in the amended complaint and claimed in that complaint the right of way was appurtenant to both properties. While this claim does not appear in the substituted complaint, the evidence discloses that the plaintiffs have a garage on the property described in the deed referred to and an automobile showroom on the other property, that these are used in connection one with the other and that automobiles from both occasionally use the way in suit.

The defendants, without alleging it, now make the claim of something in the nature of an abuse or overuse or improper use of the right of way, that the plaintiffs come into a court of equity with unclean hands, and suggests that if a judgment be given the plaintiffs their use of the way be restricted therein.

The court feels hardly justified in doing this, both because of lack of proper pleadings and because it has not been proven that the plaintiffs have abused or intend to abuse the use of the right of way. From the defendants' own witnesses it appears some ten to 25 cars a day pass over the way. Mednicow,

a previous dominant tenant, testified he used it 15 to 50 times a day. Even an increase in use would not mean an abuse of it under the ruling in *Schroeder vs. Taylor,* 104 Conn. 596, although an added burden because of use from land of the plaintiffs not a part of the dominate estate might be. *See Sieger vs. Riu,* 123 Conn. 343, 347.

Applying the law to the facts in this case would seem to result in this conclusion; the present use of the way by the plaintiffs is reasonable as between the dominant and servient estates, and whether or not part of the cars using it first come upon the dominant estate from other property of the plaintiff owners is immaterial as long as this is in the business of the dominant estate owner. A marked increase of that use if occasioned by cars coming from or passing to that other property might constitute an unjust burden but this is not threatened.

Judgment is therefore directed for the plaintiffs and prayer "1" of the amended complaint granted.