JAMES R. JONES v. ARTHUR MILLER ET AL.

KING, C. J., MURPHY, ALCORN, COMLEY and HOUSE, Js.

Argued April 9—decided April 22, 1964

*Sidney Vogel,* for the appellant (plaintiff).

*James P. Driscoll,* with whom were *J. Peter LaChance* and, on the brief, *Richard S. Weinstein* and *Jack Waltuch,* for the appellees (defendants).

KING, C. J. The plaintiff owns land which is subject to an easement of way, created by express grant, in favor of an adjoining parcel, which is owned by the defendants. It is the claim of the plaintiff that the easement was a way of necessity which terminated upon the passing of the necessity. See cases such as *Collins* v. *Prentice,* 15 Conn. 39, 43. The court concluded that the easement was not a way of necessity. Even if this conclusion were to be deleted, it would avail the plaintiff nothing since the facts contained in his draft finding, to the effect that the easement was a way of necessity, cannot be added to the finding of the court because nowhere are those facts claimed to be admitted or undisputed. Practice Book, 1963, §§ 627, 628. Furthermore, the

plaintiff has printed no appendix containing evidence which would warrant the claimed additions to the finding. Practice Book, 1963, § 717. The suggestion in his brief that he offered evidence of necessity which the court excluded is without support in the record. Indeed, it would appear that no such evidence was offered. Thus, the plaintiff has failed to prove an essential element of his claim.

Furthermore, his claim is unsound as applied to this case. Even if evidence concerning necessity had been offered and admitted, it would have been immaterial to this case because of the terms of the grant. *Schroeder* v. *Taylor,* 104 Conn. 596, 601, 134 A. 63; cf. *Myers* v. *Dunn,* 49 Conn. 71, 78. None of the Connecticut cases cited by the plaintiff, including *Pierce* v. *Selleck,* 18 Conn. 321, 329, the case on which he seems most heavily to rely, supports his position. The easement of way was created, and its purpose expressly defined, by the terms of the defendants' deed. It was not a way of necessity since it was not based on the presumption of a grant or reservation arising from the circumstances of the case. *Leonard* v. *Bailwitz,* 148 Conn. 8, 11, 166 A.2d 451. Whether, had there been no express grant, the circumstances at the time of the original conveyance could have given rise to a way of necessity which would have terminated upon the passing of the necessity is of no moment since here we have an express grant not conditioned on necessity. *Dubinsky* v. *Cama,* 261 Mass. 47, 56, 158 N.E. 321; *Parsons* v. *New York, N.H. & H.R. Co.,* 216 Mass. 269, 271, 272, 103 N.E. 693; 3 Tiffany, Real Property (3d Ed.) § 817, p. 370; 2 Thompson, Real Property (1961 Repl.) § 447, p. 797.

There is no error.

In this opinion the other judges concurred.